ORA A. WETZLER vs. JOHN W. GOULD.

HENRY S. WETZLER vs. SAME.

Penobscot.    Opinion, July 21, 1920.

*Accident.   Automobile.   Highway.   Crosswalk to regular stopping place of electric
car.   Due Care.   Contributary Negligence.   Negligence.   Must have such con-
trol of automobile as to be able to stop to avoid injury to travellers at a regular
stopping place with an approaching electric car in sight.*

It was the duty  of the defendant, approaching in his automobile a regular stop-
ping place of an interurban electric railroad, with an approaching electric car in
sight, if he would exercise due care, to observe the rights of travellers ap-
proaching or waiting to take the car, or alighting therefrom, and to so control
his automobile that he could stop it, and to stop it, if necessary to avoid injury
to such travellers.

It is clear that the defendant attempted to drive his automobile over a walk con-
structed across a highway from a waiting room to a regular stopping place of
an electric car, between a car coming to a stop, or stationary, and a traveller
approaching to take the car and only ten or twelve feet from it.   The evening
was dark, but an electric light near the waiting room illuminated the cross-
walk for the entire width of the road.   Such conduct falls nothing short of neg-
ligence.

The jury were warranted in finding Mrs. Wetzler not guilty of negligence in at-
tempting to cross the street, although the lights on the automobile were burning
and could have been seen for several hundred feet as the defendant approached
the waiting room.

A person about to cross a highway for the purpose of taking an electric car at a
regular stopping place of such car, is not required to look the whole distance
that the lights of an approaching automobile may be visible, but only along the
road far enough to warrant an ordinarily careful and prudent person, under like
circumstances, having in mind his own safety, to conclude that no team or
automobile is in such proximity, if properly managed, as to endanger his safety
in  crossing.

A person about to cross a highway for the purpose of taking an electric car at a
regular stopping place of such car, has a right to assume that the driver of an
approaching team or automobile will avail himself of an opportunity to pass in
safety, or, if such approaching team or automobile cannot pass in safety, that
the driver will stop, if necessary to avoid injury to travellers taking, or ap-
proaching to take, the electric car.

These two cases being against the same defendant, and Ora A. Wetzler, the plaintiff in the first case, being the wife of the plaintiff in the second case, being actions on the case to recover damages sustained by the plaintiffs in consequence of the negligence of the defendant, were tried together in the Superior Court in the county of Penobscot. Ora A. Wetzler, the plaintiff in the first case, on the fifth day of November, 1918, at about 5.45 o'clock in the afternoon, while crossing State Street in Bangor from the waiting room of the electric railroad between Bangor and Orono situate about two miles northerly from the center of the city, opposite the entrance to the grounds of the Bangor State Hospital, was struck by the defendant's automobile, and injured. The plaintiff had come to the waiting room to wait for the electric car from Orono to Bangor, and as she saw the car coming about two hundred feet away, she left the waiting room and was walking on the crosswalk across the street to the car on the other side of the street, when she was struck by the automobile. The jury returned a verdict for $400 for Ora A. Wetzler, the plaintiff in the first case, and $100 for her husband, Henry S. Wetzler, the plaintiff in the other case, for loss of services, comfort and society of his wife, and for nursing and medical attendance.

The defendant filed a general motion for a new trial in each case. Motions overruled.

Case stated in the opinion.

*Daniel I. Gould,* and *Clinton C. Stevens,* for plaintiffs.

*J. F. Gould, George H. Morse,* and *B. F. Keith,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

MORRILL, J. We have no hesitation in saying that the motions to set aside the verdicts rendered against the defendant in these cases must be overruled. The evidence shows conclusively that the plaintiff, Ora A. Wetzler, sustained personal injuries upon the occasion in question, solely as the result of the defendant's negligence in the management of his automobile.

The material facts are these: On the fifth day of November, 1918, at about 5.45 o'clock in the afternoon, Mrs. Wetzler was struck by the defendant's automobile, and injured; the locality was on the highway leading northerly from Bangor to Orono, about two miles from

the center of Bangor, opposite the entrance to the grounds of the Bangor State Hospital; at this point the track of the electric railroad between Bangor and Orono is located on the southeasterly side of the highway; upon that side of the highway there is no sidewalk. On the northwesterly side of the highway, at the entrance to the hospital grounds, is a waiting room used by patrons of the electric railroad; from the side of the road at the waiting room, a crosswalk, thirteen feet wide according to the testimony of the engineer called by the defendant, extends across the highway to the tracks of the electric railroad; the width of the highway opposite the waiting room, between the ditch and the rail, is about thirty-five feet. The evening was dark, but an electric light near the waiting room illuminated the crosswalk for the entire width of the road. The locality was a regular stopping place for the electric cars between Bangor and Orono.

On the evening in question Mrs. Wetzler had come to the waiting room to wait for the electric car from Orono to Bangor; she saw the car coming when it was some two hundred feet away, and left the waiting room "walking right along " as she testified, over the crosswalk, to take the car; a man who took the car preceded her; when she was about two-thirds of the way along the crosswalk, and about ten or twelve feet from the electric car, she was struck by the left-hand mud-guard of defendant's automobile.

The defendant was driving his automobile from Bangor to Orono, on his right-hand side of the road as near to the car tracks as he could drive; he saw the electric car coming some two hundred feet away; he says that he first saw Mrs. Wetzler when she was only two or three feet away from him and a little to his left; the motorman on the electric car saw her, when she left the waiting room. It is clear that the defendant could have seen her, if he had been alert, and exercising the care required at a regular stopping place of the electric car, with which he was familiar.

The motorman on the electric car and a witness, who was in the front vestibule with him, say that the front end of the electric car struck one edge of the crosswalk about the same time as the automobile struck the opposite edge, and that the car stopped with the rear end on the crosswalk. Passengers in the rear vestibule, one of whom assisted in raising Mrs. Wetzler to her feet, say that the car was stopped and a man was stepping aboard, as the automobile drove by, hiding Mrs. Wetzler from their sight.

It is thus clear that the defendant attempted to drive his automobile over this crosswalk at a regular stopping place of the electric car, between a car coming to a stop, or stationary, and a traveller approaching to take the car and only ten or twelve feet from it. Such conduct falls nothing short of negligence.

In *Savoy* v. *McLeod*, 111 Maine, 234, this court said: "The driver of an automobile in the public highways, constantly travelled by pedestrians and teams, and occupied by children of all ages, should, to establish due care, exercise so high a degree of diligence in observing the rights of a foot passenger or team when approaching them, as to enable him to control it, or stop it, if necessary, to avoid a collision, which cannot be regarded as a pure accident or due to contributory negligence."

So in the instant case it was the duty of the defendant, approaching a regular stopping place of this interurban electric railroad, with an approaching electric car in sight, if he would exercise due care, to observe the rights of travellers approaching or waiting to take the car, or alighting therefrom, and to so control his automobile that he could stop it, and to stop it, if necessary to avoid injury to such travellers.

The defendant contends that Mrs. Wetzler was guilty of contributory negligence; that his lights were burning and could have been seen for several hundred feet as he approached the waiting room, and that it was her duty to look and not attempt to cross the street in front of his automobile. Not so. Mrs. Wetzler waited in the place provided for travellers; she, with a fellow traveller, passed over the crosswalk, as the electric car approached; she was in the place provided for her and where she had a right to be. She says that, before crossing the street, she glanced in both directions and saw no automobile in sight; this might have been caused by looking out into the darkness from a position under the electric light. But she was not required to look the whole distance that the lights of the automobile might be visible, to see if such a car was coming, but only along the road far enough to warrant an ordinarily careful and prudent person, under like circumstances, having in mind his own safety, to conclude that no team or automobile was in such proximity, if properly managed, as to endanger his safety in crossing. *Marden* v. *Street Railway*, 100 Maine, 41, 54. The result shows that she met this test; she crossed in safety two-thirds of the distance

to the electric car; behind her was a space of more than twenty feet on the crosswalk, and no team was approaching from the direction opposite to the automobile. She had a right to assume that an approaching team or automobile would avail itself of the ample opportunity to pass in safety, or if a team or automobile approaching on the side of the road, next to the car tracks, could not pass to the left on account of approaching teams, that it would stop, if necessary to avoid injury to travellers taking the electric car. The jury were amply warranted in finding Mrs. Wetzler not guilty of negligence. *Savoy* v. *McLeod*, supra, at page 238.

*Motions overruled.*