### MARY PALMER *vs.* FRANK F. SPENCER.

First Judicial District, Hartford, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In crossing a highway a pedestrian is bound to exercise reasonable care, that is, such care as a reasonably prudent person would take under like circumstances; and this may require him to look at intersecting streets ahead of him and also the highway in his rear, in order to determine that no vehicle, if properly managed, is in such proximity as to endanger his safety in crossing.

The evidence in the present case *held* not to show that the plaintiff's conduct violated this standard, nor that the verdict for the plaintiff was against the evidence.

Argued October 4th—decided October 19th, 1921.

ACTION to recover damages for personal injuries and special damage incurred in consequence, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the jury before *Maltbie, J.;* verdict for the plaintiff for $5,000, which the trial court, upon motion of defendant, refused to set aside, and from this ruling, and for alleged errors in the charge and in rulings on· evidence, the defendant appealed. *No error.*

*Lewis Sperry* and *Herbert O. Bowers,* for appellant (defendant).

*Joseph F. Berry,* with whom was *Olin R. Wood,* for the appellee (plaintiff).

PER CURIAM. The defendant properly says the controlling question is whether the plaintiff in the exercise of reasonable care ought to have seen the defendant's car approaching before she stepped from the curb, and, so seeing, ought not to have walked across the highway and in front of defendant's car.

The plaintiff's duty in the exercise of reasonable care was, before she attempted to cross the highway, to look at the intersecting highways ahead of her and the highway behind her, in such manner and to such extent as a reasonably prudent person under like circumstances would look so as to determine that no team, automobile, motorcycle or bicycle was in such proximity, if properly managed, as to endanger her safety in crossing. *Wetzler* v. *Gould,* 119 Me. 276, 279, 110 Atl. 686. The circumstances in evidence which the jury may reasonably have found, do not show that the plaintiff's conduct did violate this standard, nor warrant us in holding that the verdict of the jury was so palpably against the evidence as to require that it be set aside.

The only error in the charge which is pursued is that portion of the charge quoted on page thirty of the record, from which the defendant asserts the jury "could hardly have understood otherwise than that they should weigh the care or the negligence of both plaintiff and defendant, and decide which of the two was guilty of the more negligence." As we read the charge, it furnishes no possible basis for such claim; so clear is this that we do not deem it essential to quote the charge as made. Had the defendant's interpretation been substantiated by the record, the charge would then have been at variance with the rule as stated in *Brockett* v. *Fair Haven & W. R. Co.,* 73 Conn. 428, 433, 434, 47 Atl. 763.

There is no error.