MARTIN HAMAN AND WIFE *vs.* THE NEW BRITAIN NATIONAL BANK.

42 141<br>73 432

The husband is statutory trustee of the wife's personal property. Held that, in a suit brought for the property, the husband and wife could join as plaintiffs, under the act of 1873.

Such property can not be taken for the husband's debts.

ASSUMPSIT, to recover the amount of a bill of exchange collected by the defendants for the plaintiffs; brought by appeal from a justice of the peace to the Court of Common Pleas for Hartford County. The defendants pleaded the general issue, with notice that the money in their hands had been attached by a process of foreign attachment by certain creditors of the husband, and had upon demand made upon an execution issued, been paid over to the officer holding the execution. The court found the following facts:

In May, 1874, the plaintiff, Martin Haman, received a bill of exchange for the sum of $82, payable in gold, upon a banking house in New York, from a brother of his wife, the other plaintiff, who lived in Germany. It was payable to the order of Martin Haman, and was sent to him as the

---

* Judge PHELPS was absent during the rest of the term by reason of illness.

share of his wife in the estate of her father, who had died a short time before in Germany. He endorsed the bill and deposited it with the defendants for collection. The defendants collected the same, and received the sum of $91.84 as the avails of the bill. While this sum was in their hands it was attached by foreign attachment, in two suits at law brought against him for his own separate debts, and judgments were obtained in the suits for a greater amount in the aggregate than $91.84. Before the present suit was brought demand was duly made on the defendants by the plaintiffs for said sum of $91.84, as the property of the wife, and refused, and subsequently to the bringing of the suit, executions were issued in the first mentioned suits, and demands upon the same were duly made upon the present defendants, who paid to the officer making the demand the whole amount in their hands.

Upon these facts the case was reserved for the advice of this court.

*Hart* and *Terry*, for the plaintiffs.

*H. H. Barbour, Jr.*, for the defendants.

PARK, C. J.   We think the statute of 1873 authorized the joinder of the plaintiffs. The case comes clearly within the language of the statute, and we think within its manifest intent. The statute was evidently designed to prevent technical objections like the present one, which are foreign to the merits of a case, and the only effect of which is to make delay and expense. It provides that "husband and wife may be joined in all actions at law or in equity, as parties plaintiff and defendant." It is unnecessary to determine whether this statute did in fact apply to all cases, for the revision of 1875 has materially changed its language, so that now its application is limited. We are not disposed, therefore, to go farther than the demands of the present case, and so far as that is concerned we have no doubt that it comes clearly within the purview of the statute. Both the

plaintiffs had an interest in the subject matter of this suit. The wife was in equity the owner of the property sought to be recovered, and the husband possessed the legal title to it, and for aught that appears was further interested in the rents and profits of the property. If the statute did not apply to the case, it is difficult to conceive of any case to which it did apply.

We think this objection is without foundation.

The remaining question in the case is, whether the property could be taken for the individual debt of the husband. This question was not pressed in the argument, and it is difficult to see any foundation for it. The case finds that the property belonged to the wife. It came to her from her father's estate, and in the form of a bill of exchange which had been endorsed to the defendants solely for collection. The defendants collected the money, and while it was in their hands it was attached for the individual debt of the husband. Under such circumstances the property could no more be taken for the husband's debts, than the property of any person could be taken for the debt of another.

We advise the Court of Common Pleas to render judgment for the plaintiffs.

In this opinion the other judges concurred; except PHELPS J., who did not sit in the case.