<hr />

### ANNIS J. LORD vs. FRANK R. RUSSELL.

Third Judicial District, New Haven, January Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

In an action by the payee against the maker of a promissory note it is unnecessary to allege in express terms the execution and delivery of the note by the defendant. It is sufficient if the pleader follows the appropriate form given in the Practice Act.

Where the note itself was set out in the complaint it showed on its face that it had been executed by the defendant; while the averment that the note was the property of the plaintiff implied a delivery to her.

No pleading is insufficient for the want of a direct allegation of a fact if the fact otherwise sufficiently appears; nor if the fact is necessarily implied from other averments.

[Submitted on briefs January 19th—decided February 19th, 1894.]

ACTION by the payee of a promissory note against the maker; brought to the City Court of New Haven and tried to the jury before *Cable, J.;* verdict and judgment for the plaintiff and appeal by the defendant. *No error.*

The first count of the complaint, and the only one now material, was as follows:

" 1. On May 29, 1886, the defendant by his note promised

to pay to the order of Annis J. Lord six hundred dollars six months after date, at the office of Henry E. Pardee, New Haven: Value received.

" 2. Said note is now the property of the plaintiff, and the same has not been paid except twenty-five dollars.

" The plaintiff claims $1,000 damages."

The defendant moved for a more particular statement and that the note should be filed. This motion was granted and the plaintiff amended the complaint by setting out the note as follows: "$600. New Haven, Ct., May 29, 1886. Six months after date I promise to pay to the order of Annis J. Lord six hundred dollars at the office of Henry E. Pardee. New Haven, Conn. Value received. Frank R. Russell."

To the complaint as amended the defendant demurred, " because it does not aver the execution or delivery by the defendant of the note therein set forth." The trial court overruled the demurrer, and this is the only assignment of error urged in this court.

*Jason P. Thompson*, for the appellant (defendant).

*John F. Wynne*, for the appellee (plaintiff).

ANDREWS, C. J. We think there was no error. The note itself being made a part of the complaint showed on its face that it had been executed by the defendant. The form is the same as that used in the Practice Act; form 212. The averment that the note was the property of the plaintiff implied a delivery to her. It is a rule of pleading that there need be no direct allegation of a fact which otherwise sufficiently appears; nor of a fact necessarily implied from the other averments. 1 Chitty Pleading, 225. Bliss on Code Pleading, § 176. The delivery, even of a deed, although essential to its validity, need not be averred in pleading. 1 Chitty Pleading, 365. New Conn. Civil Officer, p. 13. *Prindle* v. *Caruthers*, 15 N. Y., 425; *Keteltas* v. *Meyers*, 19 id., 231; *Farmers & M. Bank* v. *Wadsworth*, 24 id., 547. A court ought not to misunderstand or refuse to comprehend the or-

dinary import of the words used, nor the meaning of the facts alleged. *Colburn* v. *Tolles*, 13 Conn., 524; *Draper* v. *Moriarty*, 45 id., 476.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.