MARY J. BROCKETT *vs.* THE FAIR HAVEN AND WESTVILLE RAILROAD COMPANY AND THE MANUFACTURERS RAILROAD COMPANY.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Pleas in abatement in this court can seldom serve any purpose except to deprive an appellant permanently of his rights on a mere technicality, and therefore are entitled to scant favor. An amendment of such a plea after the expiration of the time prescribed for filing it, will be allowed only in furtherance of the ends of justice.

A judgment against two or more in an action of tort is several as well as joint. If some of the defendants appeal to this court and others do not, the latter may nevertheless appear for the protection of their interests if they deem them involved.

In an action to recover damages for personal injuries the complaint contained two counts, alike in all respects except that the first alleged that the plaintiff, in order to escape a threatened collision, jumped from the trolley car and was thus injured, and the second alleged that she got up in order to jump and was then hurled to the ground and injured. *Held* that but one cause of action was stated, and that the double allegations as to the precise way in which the injury was received were proper and should have been set forth in a single count ; and the trial court erred in ordering the plaintiff to elect on which count she would proceed.

The husband may be joined as a coplaintiff in an action to recover damages for personal injury to his wife.

It is the duty of each of two independent tramway companies in approaching a dangerous grade-crossing, to keep its cars under such reasonable control that collisions between them may be avoided ; and a breach of this duty constitutes actionable negligence.

Defects of form in a complaint are waived by suffering a default.

In a complaint sounding in tort, to recover for an injury due to the negligence of another, a direct allegation that the injury was caused by the defendant's negligence necessarily involves an allegation that the plaintiff did not contribute to it ; and in such case a separate averment to that effect is not essential.

A complaint alleging facts which show that the injury was caused by the defendant's negligence is sufficient, in substance, although it does not directly aver that the injury was so caused.

Argued November 2d—decided December 18th, 1900.

ACTION to recover damages for personal injuries resulting

from a collision claimed to have been caused by the defendants' negligence, brought to the Superior Court in New Haven County and heard in damages to the court, *Thayer, J.;* facts found and judgment rendered for the plaintiff for $500 damages, and appeal by the Manufacturers Railroad Company only, for alleged errors in the rulings of the court. *No error.*

In this court the appellee filed a motion to dismiss the appeal and also a plea in abatement.

The accident occurred at a grade-crossing, through the collision of two railway cars operated independently by the two defendant corporations.

The plaintiff Mrs. Brockett jumped from the car on which she was a passenger, and was thrown to the ground, thereby causing the injuries alleged. The complaint, after alleging the material facts, contained what purported to be a " second count, " in which the previous allegations were all repeated in the same words, except that paragraph 7, which alleged that the plaintiff, in order to protect herself from injury, jumped from the car, was changed so as to allege that she got up in order to jump and was hurled from the car to the ground; and paragraph 8, which alleged that the injuries were received by being thrown from the car in jumping, was changed so as to allege that the injuries were received "by reason of being hurled from said car as aforesaid. "

The court, *Elmer, J.,* ordered the plaintiff to elect on which count she would proceed, and the plaintiff elected to proceed on the second count, amending it by substituting for the 7th paragraph thereof the 7th paragraph of the first count. The defendant then moved to strike out the 8th paragraph, which motion was denied (*George W. Wheeler, J.*). The defendant then demurred to the amended complaint. The main grounds of the demurrer were the joinder of the husband, and the alleged insufficiency of the allegation of negligence. The demurrer was overruled (*George W. Wheeler, J.*). The Manufacturers Railroad Company then suffered a default and moved for a hearing in damages; filing also a notice of its intention, at such hearing, to disprove the material allegations

of the complaint, to prove contributory negligence, and that the plaintiff jumped from the car without due or reasonable cause, and that the collision was wholly due to the negligence of its codefendant.

The Fair Haven & Westville Railroad Company had previously suffered a default and filed a similar notice.

Upon the hearing in damages there was one trial as against both defendants, in pursuance of an arrangement of counsel approved by the court. One judgment for substantial damages was rendered against both defendants. From this judgment the Manufacturers Railroad Company appealed; the other defendant did not appeal. The trial court (*Thayer, J.*) made a finding, stating the facts on which his judgment was founded, also certain exceptions taken to rulings on the admission of evidence, and the claims made by the appealing defendant on the trial. On all these claims the court ruled substantially as the defendant requested, except upon the claim that no action for negligence would lie against the defendant for its conduct in operating its cars as alleged in the complaint; the claim that judgment could not be rendered on the complaint because it contained " no allegation of due care; " and the claim that upon the evidence it did not appear that the defendant was negligent, and that judgment should therefore be rendered for nominal damages only.

The appeal assigns error in denying the motion to strike out, in overruling the demurrer, in the rulings on evidence, and in overruling the defendant's claims made upon the trial.

After the completion of the appeal and within the prescribed time, the plaintiff filed in this court a plea in abatement, on the ground that the law does not authorize an appeal from a judgment against two defendants in an action of tort, by one defendant, without making the other defendant a party or obtaining from the court an order of severance. To this plea the appellant demurred, on the ground that the allegation of non-joinder was insufficient, and because the plea contained no prayer for judgment. The plaintiff then, and after the second opening of the court, filed a motion asking leave to amend her plea by adding a prayer for judg-

ment. The plaintiff also filed a motion to dismiss the appeal on the ground of non-joinder of the other defendant. The questions arising on the plea in abatement and motion to dismiss were, by agreement, discussed at the same time with the arguments on the merits of the appeal.

*Seymour C. Loomis* and *Earnest C. Simpson*, for the appellant (the Manufacturers Railroad Company).

*Walter J. Walsh*, for the appellee (plaintiff).

HAMERSLEY, J. The plaintiff's motion to amend her plea in abatement is denied. Such pleas are entitled to little favor from a court (*Green* v. *New London, etc., Soc.*, 32 Conn. 95, 96), especially from this court, where they can seldom serve any purpose but to deprive an appellant, permanently, of his rights on a mere technicality. The law of amendments applies to these pleas; but the right to amend must in this court be exercised on or before its second opening. After that time the allowance of an amendment is a matter of discretion, which would hardly be exercised favorably unless it were apparent that the allowance would really serve the ends of justice. In the present case certainly it would serve no useful purpose, because the other averments of the plea are clearly insufficient.

The demurrer to the plea in abatement is sustained. The statute gives the right of appeal from a final judgment to any party aggrieved. A judgment against several persons in an action of tort is several as well as joint. When severed, all rights in further dealing with the judgment as applicable to himself, belong to each defendant. A severance is made when one, in pursuance of statutory authority, continues the litigation in another court, and the others do not. *Chapin* v. *Babcock*, 67 Conn. 255, 256. When such continuance is by appeal to this court, the other defendants may appear for the protection of their interests, if they deem them involved. The filing of the notice of appeal was notice to this defendant, as well as to the prevailing party, and put

it so far in the position of an appellee as to entitle it to be heard on all matters appertaining to the appeal.

The plea in abatement was the proper mode of presenting the plaintiff's objection to the appeal, and the motion to dismiss is therefore not entertained.

Counsel for the plaintiff was strangely mistaken in supposing he could make two causes of action out of the injury to his client. The separation of his material allegations by the words "second count," was unwarranted and ineffective. The trial court emphasized the fault, by its error in ordering the plaintiff to elect on which count she would proceed. The practical effect of the order was to compel the plaintiff to omit an averment she was entitled to make. It was proper to aver that the injury was received in being hurled to the ground in jumping from the car, and also by being hurled to the ground when just ready to jump. She was entitled to allege what was substantially the same fact in different forms, to meet the possible conditions of testimony. Such double allegations are improper only when plainly unnecessary, or when one or the other is false to the knowledge of the pleader. After the erroneous order of the court had been obeyed, the plaintiff in amending the complaint might well have altered the phraseology of paragraph 8, so that it should express its evident meaning in more accurate language, but the motion, for such reason, to strike out this material allegation, was frivolous, and was properly denied.

There was no error, now available to the defendant, in overruling the demurrer to the amended complaint.

The naming in the writ of Charles H. Brockett, as coplaintiff and husband of the plaintiff Mary L. Brockett, was permissible; *Fuller* v. *Naugatuck R. Co.*, 21 Conn. 557, 570; General Statutes, § 987; *Haman* v. *New Britain Nat. Bank*, 42 Conn. 141; *Warren* v. *Clemence*, 44 id. 308, 309; *Wells* v. *Cooper*, 57 id. 52, 58; and furnished no ground for the defendant's demurrer to the complaint.

Paragraph 9 of the complaint states that " the defendants were grossly negligent in not having some means or method to warn each other of the approach of each other's cars, and

in approaching a place so dangerous at such a rate of speed as to be unable to have complete control of their cars and thereby prevent a collision, as the one complained of." This paragraph, in connection with the other facts alleged, contains an allegation of an actionable negligence sufficient in substance. "The duty of a corporation like the defendant, to use every reasonable precaution to minimize the danger to the public growing out of its exercise of the special privileges granted it in the use of highways, is clear." *Murphy* v. *Derby Street Ry. Co.*, 73 Conn. 249, 253. The duty to keep sufficient control of its cars under the circumstances alleged in the complaint, is one which rested on each defendant, and a breach of that duty was actionable negligence. The demurrer also claims that the negligence alleged is not stated with requisite directness and certainty. This defect, if it exists, is one of form and not of substance, and in common with all other defects of form, was waived when the defendant abandoned its defense to the action and submitted to a default.

There is no error in the rulings of the court upon the defendant's claims made upon the trial. The claim that judgment could not be rendered for substantial damages because the complaint contains no allegation that the plaintiff was in the exercise of due care, is without foundation. The allegation that the injury complained of was caused by the negligence of the defendant, is not established if in fact the injury was also caused by the negligence of the plaintiff; and in this State the burden of proof is on the plaintiff to show that his negligence was not a contributing cause of the injury. By the general law of negligence, every person is bound to exercise ordinary care in his acts and omissions that may endanger others ; if he neglects to do this he violates a legal duty which he owes to each person who may be exposed to the danger, and the injured party has a right of action against such wrongdoer. But in such case the injured party is subject to the same law; he owes the same duty, and is likewise in fault if he violates that duty. When an injury to one results from the fault of both, the equitable rule would

be that each should suffer in proportion to his wrong. But on grounds of public policy the law has established an arbitrary rule that when the injury complained of has been caused by culpable negligence of both plaintiff and defendant, it has not been caused by the negligence of the defendant, and so the plaintiff cannot recover for the injury. *Park* v. *O'Brien*, 23 Conn. 339, 345; *Brown & Bros.* v. *Illius*, 27 id. 84, 92; *Isbell* v. *New York & N. H. R. Co.*, ibid. 393, 406; *Bartram* v. *Sharon*, 71 id. 686, 689; *The Bernina*, L. R., 12 Prob. Div. 36, 89. This arbitrary rule not only affects a right of action, but operates as a rule of evidence. The fact that the plaintiff's injury was caused by the negligence of the defendant, demands evidence that it was not also caused by the plaintiff's negligence. This view logically supports the rule followed in this and some other States, that the burden of proof upon the question of contributory negligence rests upon the plaintiff; and it also logically supports the conclusion that an allegation that the injury to the plaintiff was caused by the negligence of the defendant necessarily involves the allegation that the negligence of the plaintiff did not contribute to the injury. Therefore, in a complaint sounding in tort, to recover for an injury due to the negligence of another, a direct allegation that the injury was caused by the defendant's negligence must involve the allegation that the negligence of the plaintiff did not contribute to the injury; in such case a separate allegation to that effect is unnecessary. There need be no direct allegation of a fact necessarily implied from other averments. *Lord* v. *Russell*, 64 Conn. 86, 87. Where a direct allegation of the exercise of due care on the part of the plaintiff may be proper, as in an action on the statute for injuries caused by a defect in a highway, it is sufficient in substance to allege facts which show that the plaintiff was in the exercise of due care. In the complaint before us, the fact that the injury was caused by the negligence of the defendant is not directly alleged, but the facts alleged show that the injury was so caused and that the negligence of the plaintiff did not contribute to the injury. We think the complaint supports the

judgment. Even if its averments are not sufficiently clear, the defect is one of form and not of substance. Such defect is waived unless pointed out in a demurrer, and the demurrer of the Manufacturers Railroad Co. failed to specify the defect.

The court rightly overruled the defendant's claim as to what constituted negligence. It is the duty of this appellant to operate its cars in approaching a crossing so dangerous as that described in the complaint and found by the court, at such a rate of speed and under such control as may be reasonably necessary to prevent a collision with cars crossing its tracks. It is possible that the conditions of the crossing might be such that it would be its duty to bring its cars well nigh to a stop before crossing. The trial court has found that the conduct of the defendant, under the circumstances of this case, was negligent and in violation of that duty, and was the proximate cause of the plaintiff's injury, to which the negligence of the plaintiff did not contribute. There is nothing in the record to indicate that these findings were affected by any erroneous view of the law, and they are therefore final. *Murphy* v. *Derby Street Ry. Co.*, 73 Conn. 249.

The rulings on evidence were unobjectionable and call for no special notice.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.