LAWRENCE R. ROBERTSON *vs.* JOHN B. VIENS.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 9th—decided March 3d, 1930.

*John A. Danaher,* for the appellant (defendant).

*Robert P. Butler,* for the appellee (plaintiff).

BANKS, J. Automobiles owned and driven by the plaintiff and defendant respectively came into collision at a street intersection in Hartford, as a result of which each was damaged. Each party claimed that the negligence of the other was the proximate cause of the collision, and the defendant filed a counterclaim so that each party was in effect both plaintiff and defendant in an action to determine which of them was responsible for the results of the accident. The only errors pursued are those alleged to have been made by the court in its charge to the jury. The appellant's exceptions to the charge are of such character as not to require for their discussion any detailed statement of the facts which each party claimed to have proven.

The gravamen of the appellant's criticism of the charge is that it was inadequate in its treatment of the issue of contributory negligence in that it omitted to state that the plaintiff's freedom from contributory negligence was one of the material allegations of the complaint and an issue in the case, and in general that the charge did not furnish a sufficient guide to the jury in the determination of the effect upon their verdict of a finding that the concurrent negligence of the plaintiff was a proximate cause of the collision.

Early in its charge the court told the jury that for all practical purposes they were trying two cases in

which each party was suing the other for damages claimed to have been caused by the other's negligence, that the burden was on each to establish the material allegations of his complaint and counterclaim respectively, and that one of the material allegations in each case was that the negligent conduct of the other party was the sole cause of the collision and consequent damage. The allegation in the complaint that the collision was caused by the defendant's negligence necessarily involved an allegation that the plaintiff's negligence did not contribute to it, and a separate averment of his freedom from contributory negligence was unnecessary. *Brockett* v. *Fair Haven & W. R. Co.*, 73 Conn. 428, 434, 47 Atl. 763; *Simeoli* v. *Derby Rubber Co.*, 81 Conn. 423, 431, 71 Atl. 546. In this case it was unnecessary, and might have been confusing to the jury, to emphasize in the charge the issue of contributory negligence. Each party was plaintiff as well as defendant and his negligence if proven would constitute, not only the negligence upon which the other party was relying for recovery, but a bar to his own recovery. This the court made perfectly clear to the jury, charging that the burden was upon the plaintiff under the complaint and upon the defendant under the counterclaim to prove that his own negligence did not materially contribute to his injuries, and that if it did, and was a proximate cause of the accident, he could not recover, supplementing it with a charge that if both were negligent and the negligence of each was the proximate cause of his own injuries, then neither could recover.

In discussing the possible verdicts which the jury might render the court said that if their verdict was for the plaintiff upon his complaint that decision would automatically dispose of the counterclaim of the defendant adversely to him, and if it was for the de-

fendant upon his counterclaim it would automatically dispose of the plaintiff's complaint adversely to him, and added: "For each is founded upon the negligence of the other, and if one is found guilty of negligence you must necessarily have found the other guiltless thereof." Read with its context it is apparent that the court was here referring to the necessary conclusion which must follow from a verdict that the plaintiff or the defendant was entitled to recover upon the complaint or counterclaim as the case might be, which, under the instructions already given as to concurrent negligence, would mean that they found that the party in whose favor the verdict was rendered was guiltless of negligence and the other party negligent. That this was so, and that the jury must have so understood it, is made clear by the statement in the next sentence of the charge that if both parties were negligent neither could recover.

The defendant filed no requests to charge and the charge as given contained instructions correct in law, adapted to the issues, and sufficient for the guidance of the jury.

There is no error.

In this opinion the other judges concurred.