## WEXLER CONSTRUCTION COMPANY, INC. *v.* HOUSING AUTHORITY OF THE TOWN OF NORWICH

INGLIS, C. J., O'SULLIVAN, WYNNE, DALY and SHAPIRO, Js.

188

Argued November 7—decided December 27, 1956

*John M. Donahue,* with whom was *Lee C. Fielden,* for the appellant (plaintiff).

*Paul J. Driscoll,* with whom was *Robert M. Sussler,* for the appellee (defendant).

DALY, J. The substituted complaint is in four counts. The court sustained the defendant's demurrer to the first and fourth counts and rendered judgment that the allegations were insufficient. Each of those counts alleged the following facts: On May 13, 1950, the plaintiff, as general contractor, and the defendant, as the owner, entered into a written contract for the erection of a moderate rental housing project, in accordance with plans and specifications furnished by the defendant, for a contract price of $466,809, subject to additions and deductions. The contract provided that work should be started on May 18, 1950, and that the project, exclusive of landscaping, should be completed in 150 days, and the landscaping in 40 days thereafter. On or about

May 13, 1950, the plaintiff, as general contractor, made an oral agreement with the Candor Construction Company, hereinafter called Candor, as subcontractor, wherein the latter agreed to supply all labor, material and equipment necessary to perform the excavation and site development work, in accordance with the plans and specifications furnished by the defendant, for a contract price of $44,000, subject to additions and deductions. This oral agreement was confirmed by a written agreement between the parties dated June 1, 1950. The plaintiff and Candor commenced work under the contracts on or about May 18, 1950.

As the job progressed, it became apparent that the plans and specifications for the excavation and site development work had been prepared without any clear idea either of the results sought to be accomplished or of the conditions which would result if the plans and specifications were carried into effect. It became necessary, therefore, to redesign the work on a day-to-day basis during the construction. The efforts to do this consisted of a series of attempts to solve problems as they arose, and no clear conception of ultimate objectives was ever developed. Consequently, the work as completed was of an extremely costly nature. In addition, the inability to develop a suitable comprehensive plan resulted in a constant stopping and starting of the work. Finally, on or about December 19, 1951, it became necessary to stop the work completely. As of then, the excavation and site development work for a major portion of the site had been completed "in accordance with the defendant's directives to plaintiff Wexler in part by Candor as plaintiff Wexler's subcontractor and in part by plaintiff Wexler with its own forces." A substantial amount

of corrective work remained to be done in this area. In the remaining portion of the site, for which no adequate revisions of the contract plans had been prepared, the site development work was incomplete.

On December 19, 1951, at a meeting between representatives of the plaintiff and the defendant, at which representatives of Candor were present, it was agreed that the defendant would have revised plans and specifications for the correction and completion of the site development work prepared and that the plaintiff would submit a proposal for the performance of it and a statement of claims for extra compensation for the work performed up to that date. Thereafter, the defendant had various revised plans and specifications for the completion of the site development work prepared, but ultimately rejected all of them. On or about March 12, 1952, the defendant requested the plaintiff to submit its final periodical payment estimate. On that date all of the work to be performed by the plaintiff under its contract of May 13, 1950, except the site development work, had been duly performed and completed. On April 30, 1952, Candor forwarded to the plaintiff its claim. On May 2, 1952, Candor agreed not to enforce collection of its claim against the plaintiff except from the proceeds of any recovery by the plaintiff from the defendant on Candor's behalf or from the proceeds of the plaintiff's right of exoneration or reimbursement against the defendant. On or about May 2, 1952, the plaintiff forwarded to the defendant its claim. At the time this suit was brought, two years after the completion date originally scheduled, the site development work was still not completed. The excavation and site development work performed by Candor, and by the plaintiff with its own employees, bore no

recognizable resemblance to that called for by the contract plans and specifications. In addition, it was performed under conditions not contemplated by anyone at the time the contract of May 13, 1950, between the plaintiff and the defendant was signed. The payment provisions in that contract which were properly allocable to excavation and site development work were entirely inapplicable.

The defendant, it was alleged, became obligated to pay the plaintiff the reasonable value of the excavation and site development work performed, that value to be determined in the light of the conditions under which the work was performed. The reasonable value of the work was $276,466.81. The total amount of the payments received by the plaintiff from the defendant which were properly allocable to the work was $97,794.54. In the first count the plaintiff sought recovery in quantum meruit and claimed as damages $178,672.27, the difference between $276,466.81 and $97,794.54, plus interest. In the fourth count it sought recovery of this sum, claiming that it was entitled to receive it as compensation for site development work which was not shown on the contract plans and specifications furnished by the defendant.

A copy of the written contract which, the plaintiff alleged, confirmed its oral agreement with Candor for the performance of the excavation and site development work was filed in response to the defendant's motion for oyer, as provided in the rules. Practice Book § 117. It became, therefore, a part of the pleading to which it related. *Morehouse* v. *Employers' Liability Assurance Corporation,* 119 Conn. 416, 421, 177 A. 568. This written contract contained the following provision: "No allowance for extras will be made to the subcontractor unless

the same are first approved in writing from the contractor's office." Although the defendant's demurrer is addressed to the first and fourth counts "and says that the same are insufficient," it does not challenge the compensability of all of the elements of damage alleged therein. However, as the plaintiff indicates a desire to have the intended issue determined, we shall, for the purpose of this appeal, treat the demurrer as one disputing the sufficiency of the allegations upon which the plaintiff bases its right to recover for the part of the work performed by Candor. The defendant's ground of demurrer, therefore, is treated as one predicated upon the assumption that the allegations contained in the counts in question did not state or imply that the plaintiff is lawfully indebted to Candor for the work performed by the latter for which the plaintiff seeks recovery. The sole question raised by this appeal is whether or not the court erred in sustaining the demurrer.

The court sustained the demurrer on the theory that, since the quoted clause of the contract between the plaintiff and Candor provided that Candor had no right of recovery against the plaintiff for "extras" in the absence of written approval of them, the plaintiff did not allege that it was actually or possibly liable to Candor for the work alleged to have been performed by the latter and cannot recover for this work. The plaintiff did not allege that it had given written approval to Candor for the performance of the work for which recovery is sought. It was alleged, however, that "the excavation and site development work for a major portion of the site had been completed in accordance with the defendant's directives to plaintiff Wexler in part by Candor as plaintiff Wexler's subcontactor and in part by plaintiff Wexler with its own forces." The

language used clearly stated that the defendant directed the plaintiff to perform the excavation and site development work and that the work was performed in part by the plaintiff with its own employees and in part by Candor as the plaintiff's subcontractor. Although it was not precisely alleged that the plaintiff in writing directed Candor to do its part of the work, the words used necessarily implied that the plaintiff directed Candor, its subcontractor, to perform its part of the extra excavation and site development work, since it was expressly stated that "in accordance with the defendant's directives to plaintiff Wexler" the extra work performed by Candor was done by it "as plaintiff Wexler's subcontractor." What is necessarily implied need not be expressly alleged. *See* v. *Gosselin,* 133 Conn. 158, 161, 48 A.2d 560; *Warneke* v. *Preissner,* 103 Conn. 503, 505, 131 A. 25; *Brockett* v. *Fair Haven & W. R. Co.,* 73 Conn. 428, 434, 47 A. 763; *Lord* v. *Russell,* 64 Conn. 86, 87, 29 A. 242. It follows that the plaintiff, by necessary implication, alleged that it directed Candor to perform its part of the extra work. Directions by the plaintiff to Candor for the performance of work not called for by their contract are necessarily and of themselves a waiver of the requirement for written approval. *Mahoney* v. *Hartford Investment Corporation,* 82 Conn. 280, 287, 73 A. 766. Since the necessarily implied allegation—that the plaintiff directed Candor to perform part of the extra work—connoted the plaintiff's waiver of the requirement of its written approval, its allegations adequately stated its liability to Candor.

In support of the claim that the plaintiff has not averred its liability to Candor, the defendant asserts that the plaintiff alleged that Candor's work,

for which the plaintiff seeks recovery, was performed at the direction of the defendant. This contention is based upon an erroneous assumption, since the plaintiff expressly alleged that "in accordance with the defendant's directives to plaintiff Wexler," part of the work was performed by Candor "as plaintiff Wexler's subcontractor." There is no direct or implied averment that the defendant directed Candor to perform the work for which the plaintiff seeks recovery. A demurrer is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged. *Blanchard* v. *Nichols,* 135 Conn. 391, 392, 64 A.2d 878; *Santoro* v. *Kleinberger,* 115 Conn. 631, 633, 163 A. 107. In addition, as stated above, the language used necessarily implied that the plaintiff directed Candor to perform the latter's part of the work.

Candor's agreement not to enforce collection of its claim against the plaintiff except from the proceeds of any recovery by the plaintiff from the defendant on Candor's behalf or from the proceeds of the plaintiff's right of exoneration or reimbursement against the defendant did not diminish the plaintiff's liability to Candor. In this action the amount of the plaintiff's recovery for the portion of the excavation and site development work performed for the plaintiff by Candor, its subcontractor, cannot exceed the reasonable value of that work. If Candor brought suit against the plaintiff, its recovery would be limited to that amount. Since the plaintiff did, by the language used in the first and fourth counts, allege that it was liable to its subcontractor, Candor, the court erred in sustaining the demurrer and rendering judgment for the defendant.

There is error, the judgment is set aside and the

case is remanded with direction to overrule the demurrer.

In this opinion INGLIS, C. J., WYNNE and SHAPIRO, Js., concurred; O'SULLIVAN, J., dissented.