[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This case comes to this court by amended complaint ("complaint") filed on February 3, 1994, where the plaintiff, Benvenuti Oil Co., commenced this action against the defendants, American National Fire Insurance Co. ("ANF") and the Hedden Agency, Inc. d/b/a Hedden Insurance ("Hedden"), seeking damages for losses sustained in connection with an oil leak. The plaintiff alleges the following facts.
On or about October 9, 1990, defendant ANF issued and delivered to the plaintiff a $500,000.00 general liability insurance policy, policy number PAC 6-72-10-40-05 ("general policy"), for the period of November 1, 1990, to November 1, 1991. On June 27, 1990, while the policy was in force, Nancy LaRiviere sustained property damage caused by a leak in a ruptured oil tank in her basement. The plaintiff, as part of its ordinary course of business, was in the process of filling the oil tank when said defect was discovered.
The plaintiff alleges in count one of the complaint that defendant ANF breached its obligations under the general policy in that defendant ANF has neither paid claims submitted against said policy nor defended the plaintiff, its insured, against an action filed by the estate of Nancy LaRiviere. The plaintiff alleges in count two of the complaint that defendant ANF breached said obligations under an umbrella insurance policy issued to the plaintiff, policy number UMB 8-55-66-01-05 ("umbrella policy"). Said umbrella policy provides insurance coverage to the extent of $1,000,000.00, in excess of the general policy, for the period of November 1, 1990, to November 1, 1991. In counts seven and eight, respectively, the plaintiff alleges that defendant ANF breached its duty of good faith and fair dealing under the general policy and the umbrella policy. CT Page 8417
On March 16, 1994, defendant ANF filed an answer to the plaintiff's complaint and the special defense wherein defendant ANF alleges that it was under no obligation to defend and indemnify the plaintiff in the action commenced by the estate of Nancy LaRiviere against the plaintiff. Defendant ANF alleges that no such obligation existed because of an "absolute pollution exclusion" contained in the plaintiff's policies.
On March 18, 1994, the plaintiff filed a motion to amend its complaint in order to allege that on or about October 4, 1990, defendant ANF issued and delivered an additional general liability insurance policy, policy number PA-6-72-10-41-05. On April 4, 1994, defendant ANF filed an objection to the plaintiff's motion to amend its complaint on the ground that the plaintiff's claim is barred by the statute of limitations and that the plaintiff's complaint should not be amended while there is a pending motion for summary judgment.[1] On May 13, 1994, the court, Hurley, J., overruled defendant ANF's objection, but indicated that "the amendment may stand unless the defendant can show there are three separate policies."
On May 16, 1994, defendant ANF in an apparent response to that order filed the instant motion to strike the amendment to the plaintiff's complaint "referencing the [additional] policy." Defendant ANF filed a supporting memorandum of law and copies of the declaration pages and coverage provisions of the alleged policies.
At a hearing held in this court on July 18, 1994, the plaintiff filed an affidavit from Mazzella, in which Mazzella attests that "he believed that the coverage was provided [by defendant ANF] through a comprehensive business policy" and that he was not advised that he "was purchasing three separate and distinct insurance policies."
The defendant offered as exhibits three declaration or other pages including various insurance provisions as Defendants' Exhibits 1, 2 and 3.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, CT Page 8418544 A.2d 1185 (1988). "The motion to strike, like the demurrer, admits all facts well pleaded." Ferryman v. Groton, supra, 142.
Upon deciding a motion to strike, the trial court must construe "the plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). "[I]f the facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton, supra, 142.
In the present case, the plaintiff alleges the policy number of the insurance policies and the coverage contained in each of the insurance policies. The plaintiff has not appended to its complaint the declaration pages and coverage exclusions of the policies. Defendant ANF, in support of its argument that the policies are three distinct policies, submitted certain exhibits at the hearing.
In deciding a motion to strike, a trial court "`cannot be aided by the assumption of any facts not therein alleged.'"Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990), quoting Fraser v. Henninger, 173 Conn. 52, 60,376 A.2d 406 (1977); Wexler Construction Co. v. Housing Authority,144 Conn. 187, 194, 128 A.2d 540 (1956). If the legal grounds for defendant ANF's motion to strike "are dependent upon underlying facts not alleged in the plaintiff's pleadings, [defendant ANF] must await the evidence which may be adduced at trial, and the motion [to strike] should be denied." (Citation omitted.) Liljedahl Bros., Inc. v. Grigsby, supra. Nevertheless, not "every argument in a motion to strike is rendered defective by the moving party's allegation of some fact not contained in the pleadings. . . ." Id., 348-49. Following Liljedahl Bros., Inc. v.Grigsby, supra, defendant ANF's motion to strike is not rendered defective by its allegation of the existence of separate policies, facts not contained in the pleadings.
The essence of the present motion to strike involves the re-argument of the previous order overruling defendant ANF's objection to the plaintiff's motion to amend its complaint. As indicated above, the court, Hurley, J., ordered that "[t]he Amendment may stand unless [defendant ANF] can show there are three separate policies." Defendant ANF argues that this ruling permitted defendant ANF to "move to have the reference to the CT Page 8419 automobile policy stricken from the complaint." See Defendant ANF's Memorandum of Law p. 3.
Judge Hurley's ruling required the showing that separate policies existed. The defendants' three exhibits offered on July 18, 1994, however, all relate to Policy No. CAP 6-72-10-41-04 written by American National Fire Ins. Co.
The defendant has not established for purposes of this motion the existence of three separate policies and for that reason the motion is denied.
Leuba, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 8436