[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON INTERVENING PLAINTIFF'SMOTION TO STRIKE COUNTERCLAIM
This is a personal injury action brought by the plaintiff CT Page 89 against the defendant owner of an office building alleging injuries and damages caused by the negligence of the defendant. The plaintiff claims to have fallen while she was a business invitee in an area within the defendant's building which was occupied by Zurich Insurance Company. Zurich has intervened as a co-plaintiff seeking recovery of benefits paid and to be paid by Zurich to the plaintiff pursuant to the Workers Compensation Act.
After the pleadings were closed with respect to both the complaint and intervening complaint, the defendant filed a three count counterclaim against the intervening plaintiff Zurich. The first count alleges a claim for contractural indemnification arising out of the terms of a written lease between the defendant and the intervening plaintiff. The second count claims common law indemnification, and the third count seeks apportionment pursuant to General Statutes Section 52-572h.
Before the court at this time is the intervening plaintiff's motion to strike the counterclaim. The motion to strike is based on several grounds. First is the claim that the entire counterclaim should be stricken because it was not filed as part of the defendant's answer. Second is the claim that the first count alleging contractural indemnification is legally insufficient because it is banned by the Worker's Compensation Act. The next claim is that the second count fails to plead a cause of action in common law indemnification. The last claim in the motion to strike is that the claim for apportionment is improper because it does not seek affirmative relief, and therefore, it should not be part of a counterclaim.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 91
(1985). A motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992). "If facts provable in a complaint would support a cause of action, the motion to strike must be denied." Id., 496. "The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, v. BOC Group, Inc., 224 Conn. 210,215, 618, A.2d 25 (1992).
In connection with its claim that the entire counterclaim should be stricken because it was not filed with the answer, the intervening plaintiff refers to Practice Book Section 168 which CT Page 90 states, in part, that in a case where the defendant wishes to file a counterclaim he "may have the benefit of any such . . . counterclaim by pleading the same as such in his answer,. . .". While the court is aware that usually a counterclaim is filed as part of the defendants answer, in view of the non-mandatory language of Section 168, and particularly in view of the provisions of Practice Book Section 116, the court does not believe that the failure to do so requires the striking of the counterclaim. Section 116 provides, in part, that "In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff. . . provided that each such counterclaim. . . arises out of the transaction. . . which is the subject of the plaintiff's complaint; . . ." There is no mandatory requirement that such a counterclaim be filed as part of the defendant's answer to the complaint or intervening complaint.
The next claim is that the first count alleging contractural indemnification should be stricken because it is barred by the exclusive remedy provision in Section 31-284a of the Worker's Compensation Act. This claim, as well as the claim that the second count seeking common law indemnification should be stricken because it fails to allege the existence of an independent relationship between the defendant and the intervening plaintiff, can be taken up together, because in the opinion of the court, the case ofFerryman, Administrator v. Groton, 212 Conn. 138 (1989) is dispositive of both claims.
"When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third party landlord harmless, . . ." Ferryman, Adminstrator v. Groton, supra, 144.
As pointed out above, the first count is based upon an express agreement by the employer-tenant (intervening plaintiff) to hold the third-party landlord (defendant) harmless, and the Worker's Compensation Act is not a bar to this type of claim. CT Page 91
With respect to the claim that the second count fails to allege an independent legal duty owed by the tenant to the landlord the court in Ferryman stated:
"When viewed in the light most favorable to the pleader, as required in addressing a motion to strike; Benson v. HousingAuthority, supra; the complaint discloses the essentials of either a co-owner relationship, a bailor-bailee relationship or a lessor-lessee relationship, any one of which could contain the express or implied independent, legal duty that would serve to preclude the operation of the exclusive remedy provisions of § 31-284[.] "`What is necessasrily [necessarily] implied need not be expressly alleged.' WexlerConstruction Co. v. Housing Authority, 144 Conn. 187, 193,128 A.2d 540 (1956) . . ." Trichilo v. Trichilo, 190 Conn. 774, 779,462 A.2d 1048 (1983)." Ferryman, Administrator v. Groton, supra, 146.
The second count, which sets forth the tenant-landlord relationship, sufficiently alleges facts adequate to support the independent legal duty required in a claim for common-law indemnification.
The last claim on the motion to strike alleges that a claim for apportionment can not be part of a counterclaim because it does not seek the "affirmative relief" which is a basic requirement of a counterclaim. The court agrees. A claim for apportionment made pursuant to Section 52-572h, since it does not seek affirmative relief, should not be part of a counterclaim. See Bueno v. Duva, 76 S.C.R. 919, (August 10, 1992, Fuller, J.).
If the defendant wishes to make a claim that the intervening plaintiff shares some or all of the responsibility for the injuries and losses suffered by the plaintiff, and that he seeks apportionment pursuant to Section 52-572h, it is not necessary to cite in the intervening plaintiff, because it is already a party. However, a separate pleading, which perhaps might be entitled "Claim of Apportionment", should be filed setting forth therein facts which support the claim of responsibility on the part of the intervening plaintiff.
For the reasons set forth above, the intervening plaintiff's motion to strike count three of the counterclaim is granted. The balance of the motion to strike is denied.
William L. Hadden, Jr., Judge CT Page 92