ANTONIO DeMELLO *v.* TOWN OF PLAINVILLE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued February 6—decision released April 20, 1976

*Allen J. Segal,* for the appellant (plaintiff).

*Stuart M. Schimelman,* for the appellee (defendant).

BARBER, J.  The plaintiff brought this action in the Superior Court against the town of Plainville alleging that the town had taken his property without compensation and seeking the appointment of a referee or committee to assess the amount of his damages.  The complaint sets forth the following allegations:  The plaintiff owns a house and lot located on Burnside Avenue in the town of Plainville, and neither the house nor the lot conforms to the Plainville zoning regulations.  At some time prior to September, 1973, the director of health for the town obtained an order from the Circuit Court directing the plaintiff to correct the sewer system on his property.  In September, 1973, the director of health for the town applied to the Circuit Court for an order directing the plaintiff to abate a nuisance on his property by removing the house.  In April, 1974, the building inspector for the town applied to the Circuit Court for an order directing that the plaintiff cease further repair work on the Burnside Avenue premises, that the building permit which had been issued be revoked, and that all repair work previously completed be removed.  The com-

plaint then alleges that the plaintiff's property has been taken without just compensation.

The defendant demurred to the complaint and the prayer for relief on the ground that "the plaintiff is not entitled to compensation when officials of a municipality seek to abate health and safety violations through judicial channels." The court sustained the demurrer and the plaintiff did not plead further. Judgment was rendered for the defendant, from which judgment the plaintiff has appealed.

A demurrer may be used to challenge the sufficiency of a complaint or to determine whether the relief demanded thereby may properly be demanded upon the allegations set forth in the complaint. Practice Book §§ 106, 108. The burden of alleging a recognizable cause of action rests upon the plaintiff. *McAnerney* v. *McAnerney,* 165 Conn. 277, 282, 334 A.2d 437. In deciding a demurrer, the allegations in the complaint are given the same favorable construction that a trier must give in admitting evidence under them. *Schwarzschild* v. *Binsse,* 170 Conn. 212, 214 n.1, 365 A.2d 1195. Facts that are well pleaded and facts necessarily implied from the allegations are taken as admitted. *Covino* v. *Pfeffer,* 160 Conn. 212, 214, 276 A.2d 895; *Wachtel* v. *Rosol,* 159 Conn. 496, 500, 271 A.2d 84. Unsupported conclusions of law, however, are not admitted by a demurrer. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 557, 227 A.2d 418. If any facts provable under the allegations of the complaint would support a cause of action, the demurrer must be overruled. *Senior* v. *Hope,* 156 Conn. 92, 98, 239 A.2d 486.

The demurrer in this case raises two issues: (1) whether the facts alleged in the complaint are

sufficient to support the plaintiff's conclusion that his property has been "taken" in the constitutional sense; and (2) assuming that the actions of the town officials do amount to a "taking," whether the plaintiff is entitled to compensation.

It is clear that when a governmental body exercises its power of eminent domain and takes private property for a public purpose, the owner of that property is constitutionally entitled to compensation. U.S. Const., amends. V, XIV; Conn. Const., art. I § 11. The "taking" of land generally consists of "the exclusion of the owner from his private use and possession and the actual assumption of exclusive possession . . . by the condemnor." *Trumbull* v. *Ehrsam,* 148 Conn. 47, 55, 166 A.2d 844; see *Carl Roessler, Inc.* v. *Ives,* 156 Conn. 131, 140, 239 A.2d 538; 26 Am. Jur. 2d, Eminent Domain, § 157. The plaintiff has not alleged that the town of Plainville has assumed possession, actual or otherwise, of his property.

The abatement of nuisances and the enforcement of the public health code by municipal health officials, and the enforcement of the state building code through the granting of building permits by local building inspectors, are authorized by §§ 19-79, 19-80, 19-93, and 19-396 of the General Statutes. The promulgation of public health and building codes and the regulation and abatement of uses of property and nuisances which threaten the health and safety of the general public constitute legitimate subjects for the exercise of the state's police power. "This power comprehends a system of internal regulation . . . to enable people to live together in close association, preserving to each his individual rights and privileges but so controlling them that their enjoyment is reasonably consistent with the enjoy-

ment of like rights and privileges by others. . . . To be constitutionally valid, a regulation made under the police power must have a reasonable relation to the public health, safety, morality and welfare." *State* v. *Gordon,* 143 Conn. 698, 702–703, 125 A.2d 477.

The police power may be distinguished from the power of eminent domain as follows: "Eminent domain takes property because it is useful to the public. The police power regulates the use of property or impairs the rights in property, because the free exercise of these rights is detrimental to public interest." *Windsor* v. *Whitney,* 95 Conn. 357, 367, 111 A. 354. All private property is held subject to the right of the government to limit its use through the exercise of the police power; *State* v. *Hillman,* 110 Conn. 92, 105, 147 A. 294; and the owner is not entitled to compensation for the diminution in value of his property resulting from restrictions placed upon its use by a valid exercise of the police power. *Goldblatt* v. *Hempstead,* 369 U.S. 590, 593, 82 S. Ct. 987, 8 L. Ed. 2d 130; *Mugler* v. *Kansas,* 123 U.S. 623, 668–69, 8 S. Ct. 273, 31 L. Ed. 205. The police power may even comprehend the destruction or removal, without compensation to the owner, of property which is of little value and poses a threat to the health, safety or welfare of the public. *Gardner* v. *Michigan,* 199 U.S. 325, 26 S. Ct. 106, 50 L. Ed. 212; *State* v. *Main,* 69 Conn. 123, 137, 37 A. 80; see 39 Am. Jur. 2d, Health, § 33.

A regulation which otherwise constitutes a valid exercise of the police power may, as applied to a particular parcel of property, be confiscatory in that no reasonable use may be made of the property and it becomes of little or no value to the owner. In such an instance, the regulation, as applied to the

particular parcel, is void and of no effect. See, e.g., *Pennsylvania Coal Co.* v. *Mahon,* 260 U.S. 393, 43 S. Ct. 158, 67 L. Ed. 322; *Brecciaroli* v. *Commissioner of Environmental Protection,* 168 Conn. 349, 354, 362 A.2d 948; *Horwitz* v. *Waterford,* 151 Conn. 320, 323, 197 A.2d 636; *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 311–12, 197 A.2d 770; *Vartelas* v. *Water Resources Commission,* 146 Conn. 650, 657, 153 A.2d 822. Governmental action under the guise of the police power which is claimed to be arbitrary and confiscatory may be challenged by seeking injunctive or declaratory relief, or as a defense to enforcement proceedings. But such an abuse of the police power does not generally give rise to a cause of action for compensatory damages. See *Youngstown Sheet & Tube Co.* v. *Sawyer,* 343 U.S. 579, 584–85, 72 S. Ct. 863, 96 L. Ed. 1153; *Lutheran Church in America* v. *City of New York,* 35 N.Y.2d 121, 316 N.E.2d 305; 1 Antieau, Modern Constitutional Law § 3.8.

In his complaint, the plaintiff has merely alleged that officials of the town of Plainville have sought to enforce the public health code and the building code and to abate a nuisance. He has not alleged that their actions, with respect to his property, have been arbitrary, confiscatory, or in abuse of their discretion. He does not allege that he has been prevented from making any reasonable use of his property. Nor has he alleged that the town has entered into possession of his property. The bare allegations of the complaint, therefore, do not support his conclusion that his property has been taken without just compensation. The trial court properly sustained the demurrer to the complaint.

There is no error.

In this opinion the other judges concurred.