The plaintiff Carol Lee Pitkin commenced an action for dissolution of marriage in October, 1987. Defendant Loring Lukasiewski counterclaimed seeking an annulment on the grounds that the marriage was entered into only for the purpose of acquiring his insurance coverage. The plaintiff moved to strike the counter-claim but the motion was denied by Judge Kelly. The plaintiff then requested to amend her complaint to add a second count alleging that she and the defendant entered into a contract in 1977, several years prior to the marriage, to be "considered as man and wife" and resided together as such until August of 1982 including the years they were married. The plaintiff added a claim for money damages. The court allowed the amendment over the defendant's objection.
The matter presently before the court is the defendant's motion to strike the amended portion (second count) of the plaintiff's complaint.
The motion to strike tests the legal sufficiency of a pleading, on the basis that it fails to state a valid claim or defense. Conn. Practice Bk. § 152 (1978). The motion may be used to attack the entire pleading or a portion thereof. Conn. Practice Bk. § 152. In ruling on a motion to strike, the court construes the allegations in a manner most favorable to the pleader. Ivey, Barnum O'Mara Indian Harbor Properties, Inc.,190 Conn. 528, 530 n. 2 (1983). Verdon v. Transamerica Ins. Co.,187 Conn. 363, 365 (1983). All well-pleaded facts are accepted as proven.Amodio v. Cunningham, 182 Conn. at 83. DeMello v. Plainville, 170 Conn. 675,677 (1976).
In the instant case the plaintiff has alleged that a marriage occurred on August 28, 1982, albeit by using obfuscatory language, thus invoking the authority of Chapter 815] of the Connecticut General Statutes. All of the rights and remedies contained the are available to the plaintiff, who has elected to use them in the First Count. No new and expanded right or remedy is created by the Second Count. In fact, it fails to state a valid claim beyond the First Count.
While this court recognized plaintiff's attempt to enlist the of BolandCT Page 2v. Calalano, 202 Conn. 333 (1987), by this pleading, such is inappropriate since the parties in the case at bar are married.
The Second Count is legally insufficient to state a valid claim.
The Motion to Strike the Second Count is granted.
CT Page 1