[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#109)
A motion to strike serves the limited function of testing the facial legal validity of a complaint. The parameters of this analysis are black letter law. The court is limited to the stated facts. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1980). These facts must be construed in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 362,370 (1986).
By revised complaint dated April 16, 1990, the plaintiff, Nancy Decampos, brought a ten count complaint against the defendants Kennedy Center, Inc. and Martin Schwartz. The plaintiff had been employed by Kennedy Center, Inc. which allegedly provided group homes for retarded and/or handicapped citizens. The defendant Martin Schwartz served as Kennedy Center, Inc.'s president. The plaintiff's claims stem from her alleged wrongful discharge.
A motion to strike all ten counts of the complaint was filed by the defendants on June 15, 1990. The motion was accompanied by a supporting memorandum of law. The plaintiff filed an objection to the motion accompanied by a memorandum of law dated September 10, 1990.
COUNTS ONE AND TWO
Defendants move to strike the first and second counts of plaintiff's complaint because neither count states a claim upon which relief can be granted because plaintiff does not allege that defendants' reason for terminating plaintiff's employment "contravene(s) a clear mandate of public policy." Defendants argue that absent such an allegation, plaintiff cannot prove an action for wrongful termination of an at will CT Page 3412 employee.
Plaintiff claims that the alleged wrongful discharge was due to her whistle blowing activities, i.e., reporting possible criminal activity by a co-employee of the defendant, in an effort to protect a mentally retarded patient. She claims that she has stated a legally sufficient cause of action under Connecticut law.
A common law cause of action in tort for wrongful discharge was recognized by the Connecticut Supreme Court in Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475
(1980). Such a cause of action would be recognized "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Id. at 475. "[T]he employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Morris v. Hartford Courant, 200 Conn. 676, 679 (1986). "The employer is allowed, in ordinary circumstances, to make personnel decisions without fear of incurring civil liability. Employee job security, however, is protected against employer actions that contravene public policy." Id.
A fair reading of counts one and two presents the claim that the defendants embarked upon a scheme to wrongfully discharge the plaintiff in retaliation for her reporting that a male employee had sexually abused a retarded female patient of the defendants. Whether or not the plaintiff can sustain this claim is a question of proof beyond the parameters of a motion to strike. Our courts have recognized a public policy in favor of encouraging citizens to report criminal conduct to appropriate authorities. Schmidt v. Yardney Electric Corporation, 4 Conn. App. 69,75 (1985).
The plaintiff has sufficiently invoked this mandate of public policy so as to defeat a motion to strike the first and second counts, and it is denied as to those counts.
COUNT SEVEN
Defendant Kennedy Center moves to strike this count for the reason that it fails to state a cognizable cause of action for breach of an implied covenant of good faith and fair dealing. Defendant argues that no contract is alleged in which such a covenant may be implied, and that no important violation of public policy is alleged. In the alternative, defendant moves to strike the request for damages in paragraphs 14 and 16, claiming that these damages are not, as a matter of law, recoverable in a contract action. CT Page 3413
The plaintiff argues that the complaint, taken as a whole and read in a light most favorable to the plaintiff alleges an implied contract of employment. She argues, furthermore, that the reporting of criminal behavior of a co-employee led to her termination in violation of important public policy.
In Magnan v. Anaconda Industries, 193 Conn. 558 (1984), the Connecticut Supreme Court recognized that an implied covenant of good faith and fair dealing may be violated by the termination of an employment contract. Although the plaintiff has not expressly alleged an at will contract, "[f]acts that are well pleaded and facts necessarily implied from the allegations are taken as admitted." DeMello v. Plainville, 170 Conn. 675,677 (1976). Based on a reading of the complaint, the plaintiff has sufficiently alleged an at will contract with the defendant.
The balance of the defendants' attack upon the seventh count mirrors their contention made in challenging the first and second counts that the plaintiff has failed to identify an important violation of public policy. As the court has already determined, the plaintiff has implicated a public policy mandate sufficient to defeat a motion to strike.
The defendants' alternative contention that general tort damages are not recoverable in a contract action is without merit in the context of this case. Our Supreme Court has stated that whether a claim resulting from a discharge, such as that alleged here, is framed in tort or in contract should make no difference with respect to the issue of liability. Magnan, supra at p. 572.
By analogy, to what extent, if at all, the Connecticut Supreme Court will, when called upon, and it has not been required to do so yet, limit recovery in this type of case to traditional contract damages is ambiguous in light of the court's implicit recognition that a breach of good faith claim is of a hybrid nature. If the plaintiff can establish that the damages she claims were reasonably foreseeable, it may be that our Supreme Court will allow them. This aspect, of course, must await the Plaintiff's proof.
In any event, there is sufficient ambiguity in the State of Connecticut law at the present time to defeat a motion to strike. It is denied as to count seven.
COUNTS THREE AND FIVE
The third and fifth counts are essentially the same; CT Page 3414 the third count is as to the defendant Kennedy Center and the fifth count is as to the defendant Martin Schwartz. Both counts allege that the plaintiff suffered loss of reputation, mental anguish and difficulty in obtaining another job as a result of defamatory statements recited by the defendants.
Defendants move to strike these counts as they fail to state cognizable actions for defamation in that no facts in support of an actionable injury are alleged and no facts in support of an actionable publication are alleged.
Plaintiff argues that whether the statements made by the defendants constitute slander per se is a question for the trier of fact to decide and, therefore, inappropriate for a motion to strike.
"Slander is an oral defamation of character." D. Wright J. Fitzgerald, Connecticut Law of Torts, 147 (2d ed. 1968 Supp. 1982). "An indispensable element of an action of slander is injury to the reputation of the person defamed." Urban v. Hartford Gas Co., 139 Conn. 301, 308 (1952). "When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation. He is required neither to plead nor to prove it." Id. at 308.
"Slander is actionable per se if it charges incompetence or dishonesty in office, or charges a professional person with general incompetence." Miles v. Perry, 11 Conn. 31 App. 584, 602 (1987). "Whether words are actionable per se is a question of law for the court." Id. "All of the circumstances connected with the publication of defamatory charges should be considered in ascertaining whether a publication was actionable per se." Id. at 603. "The words used, however, must be accorded their common and ordinary meaning, without enlargement by innuendo." Id.
Paragraph 15 of plaintiff's revised complaint alleges that defendant "informed numerous prospective employers of the plaintiff that she was not trustworthy, thereby `blacklisting' her and preventing her from obtaining another position." Paragraph 16 alleges that defendants repeated said accusations to other persons. The plaintiff has sufficiently alleged slander per se because, when construing the facts alleged most favorably to the plaintiff, charging the plaintiff with untrustworthiness constitutes charging her with general incompetence since that trustworthiness goes to the heart of a professional's competence.
The plaintiff is not required to plead or prove special damages, having sufficiently alleged slander per se; if CT Page 3415 she can prove a negligent misstatement of fact, then the law conclusively presumes the existence of injury to the plaintiff's reputation. See Urban v. Hartford Gas Co., 139 Conn. 301, 308
(1952). Moreover, the plaintiff alleges that the defendants made these statements to persons other than just the employment security division of the Connecticut Labor Department. The plaintiff alleges in paragraph 16 that each defendant made these statements to others as yet unknown to the plaintiff. The plaintiff has sufficiently pleaded a cause of action for defamation and, accordingly, defendants' motion to strike counts three and five is denied.
COUNTS FOUR AND SIX
The fourth count is as to the defendant Kennedy Center and the sixth count is as to the defendant Martin Schwartz. The plaintiff alleges that defendants' false statements as to her job performance were made intentionally and with malice. She alleges that defendants' conduct was extreme and outrageous, resulting in numerous injuries to the plaintiff.
The defendants move to strike counts four and six claiming that they fail to state facts in support of a cognizable action for intentional infliction of emotional distress because neither count alleges conduct which is extreme and outrageous.
The plaintiff argues that the allegations of her complaint meet with the criteria for prosecuting the tort of intentional infliction of emotional distress. She argues that whether the actual basis of the claims is sufficient to prove her case depends upon the evidence presented before the trier of fact.
In order to establish a cause of action for intentional infliction of emotional distress, a plaintiff must allege the following: (1) the defendant intended to inflict emotional distress, or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Peyton v. Ellis, 200 Conn. 243, 253 (1986). "Extreme and outrageous conduct is an essential element. Mere insults, indignities, or annoyances that are not extreme and outrageous will not suffice." Brown v. Ellis, 40 Conn. Sup. 165, 167
(1984). Whether an actor's conduct is sufficiently extreme and outrageous to impose liability is one for the jury to decide. Id. at 167-68 (1984). It is a question of fact. Szczepanik v. Northeast Utilities Service Co., 1 CSCR 629 (August 11, 1986, CT Page 3416 Arena, 3.); Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 62
(1984).
The plaintiff has sufficiently pleaded facts in support of a cause of action for intentional infliction of emotional distress, and whether defendants' conduct was in fact extreme and outrageous is a question of fact and not appropriate for a motion to strike. Accordingly, the motion to strike counts four and six is denied.
COUNTS EIGHT AND NINE
The eighth count is as to the defendant Kennedy Center, and the ninth count is as to the defendant Martin Schwartz. The counts allege that defendants' actions have placed the plaintiff in a false light.
Defendants move to strike these counts for the reason that they fail to state a cognizable action for false light invasion of privacy because plaintiff does not allege publicity as required.
The plaintiff argues that whether or not defendants' conduct amounts to "publication" is a question for the trier of fact to decide and, therefore, the motion to strike counts eight and nine should be denied.
Tort liability for publicly placing a person in false light occurs when the false light in which the other was placed would be highly offensive to a reasonable person and the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. Jonap v. Silver, 1 Conn. App. 550,558 (1985).
 The gravamen of the action of invasion of privacy, on the grounds herein under discussion, is and should remain publication by the defendant. To allow the cause of action to be premised on any conduct of the defendant which could foreseeably result in media publicity putting the plaintiff in a bad light, would expand the concept of invasion of privacy beyond manageable limits. . . . If the cause of action were to be so expanded by this court, it would encompass virtually every tort.
LaFontaine v. Family Drug Stores, Inc., 33 Conn. Sup. 66, 73
(1976). CT Page 3417
The plaintiff has alleged that the defendants repeated the challenged accusations to numerous prospective employers and other persons. Whether or not the evidence produced under these allegations will establish sufficient publication is a question of proof at trial. Publication has been sufficiently pled so as to defeat a motion to strike, and it is denied as to counts eight and nine.
COUNT TEN
Count ten alleges that plaintiff's reclassification of her job to "consultant" was wrongful and intended to deprive the plaintiff of income.
Defendants move to strike this count for the reason that it fails state a cognizable cause of action upon which relief can be granted since no actionable conduct in tort or contract has been alleged.
Plaintiff relies on her arguments in her first and second count to support this tenth count. She claims that count ten supports her claim that defendants persisted in a continuing charge of conduct that led to her wrongful discharge.
By incorporating the allegations set forth in the first and second counts, the plaintiff has alleged sufficient actionable conduct to facially support the tenth count. The motion to strike this count is denied.
JOSEPH A. LICARI, JR., JUDGE