[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (No. 109)
Plaintiff partnership sued on a claimed default of the defendants, James and Joan Garthwaite, on a promissory note signed by both defendants. This claim is set up in the third count of the complaint which defendants have moved to strike on the following two grounds:
 1. The note is not negotiable; therefore , it is not enforceable.
 2. There was an unauthorized alteration of the note after it was executed.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) citing Conn. Practice Book 152. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. The motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The first ground of the motion is that the note sued on in count three is not "payable to order or bearer," therefore, it is non-negotiable and cannot be enforced. Connecticut General Statute 42a-3-104 requires such language to make an instrument negotiable. Negotiability has nothing to do with enforceability of a note. A holder of a non-negotiable note simply cannot be a holder in due course. See Connecticut General Statutes 42a-3-805. In Appliances, Inc. v. Yost,181 Conn. 207 (1980), the Supreme Court said, at pages 210-11:
 A promissory note is nothing more than a written contract for the payment of money. Since the note was a contract, the fundamental rules governing contract law are applicable. A promissory note remains a simple contract even though lacking an element essential for negotiability.
CT Page 6552
The motion fails on the first ground as negotiability is irrelevant to the issue of enforceability.
The defendants also argue a second ground: that the plaintiff Carmont added terms to the note unilaterally, after the note was made. This allegation, if proven, may indeed have some effect on the enforceability of the note. But this motion may not be used to raise this issue as it is extrinsic to the pleading attacked.
 In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint; Blancata v. Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1135 (1987); DeMello v. Plainville, 170 Conn. 675, 677, 368 A.2d 71
(1976); and "cannot be aided by the assumption of any facts not therein alleged." Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977); Wexler Construction Co. v. Housing Authority, 144 Conn. 187, 194, 128 A.2d 540 (1956). Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. Fraser v. Henninger, supra, 61.
Liljedahl Bros. v. Grigsby, 215 Conn. 345, 348, (1990).
The allegation of post-facto alterations is a factual assertion requiring evidence which cannot be considered on a motion to strike. State v. Bashura, 37 Conn. Sup. 745, 749
(Sup.Ct. 1981). The second claim also fails.
Defendants also argue in their brief that the plaintiff partnership cannot be a holder of the note as the note is payable to the individual partners. The short answer is that plaintiff alleges that it is the holder of the note, and the factual allegation must be construed in a manner most favorable to plaintiff. Gordon v. Bridgeport Housing Authority, 170.
The motion to strike is denied.
E. EUGENE SPEAR, JUDGE