[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Dorothy Gagnon, has brought this action on her own behalf, and in her capacity as executrix of the Estate of Lionel Gagnon, her late husband. The remaining plaintiff is their daughter, Lisa Gagnon. The defendants are Angelo Delfino, William Delfino and Staffordshire Associates, the owners of an abutting property, and Alfred Morrocco, their attorney.
The one count complaint alleges the following facts. The plaintiff Dorothy Gagnon, is the owner of a home at 1166 Burlington Avenue, Bristol, Connecticut. The warranty deed in which Dorothy Gagnon took title to the land provided that she be allowed to maintain a septic tank on Angelo and William CT Page 2625 Delfinos' property unless and until the owners of said property provide six months notice of their intent to terminate said right. On February 1, 1989, Angelo and William Delfino gave notice to Dorothy Gagnon, through their attorney, defendant Morrocco, to remove her septic tank from their property. On August 1, 1989, Angelo and William Delfino served notice on Dorothy Gagnon that they had obstructed her septic system and made it inoperable.
The complaint further alleges that William E. Furniss Director of Health, Bristol, informed Dorothy Gagnon on August 1, 1989 that unless she had another operable septic system on her property, the property would be condemned and she would be unable to live there. After hearing this conversation, Lionel Gagnon suffered "stress and terror and died of a heart attack."
Plaintiffs further allege that Dorothy Gagnon had filed an earlier action in Superior Court, Judicial District of Hartford-New Britain at Hartford, on August 17, 1989, to have the septic tank reopened. That action is Docket No. CV 89-0700410S. In that action, Gagnon alleged that the notice given to her by the defendants, Angelo Delfino and William Delfino, terminating her right to maintain a septic tank on the defendants' property, was defective and therefore she was entitled to maintain her septic tank. She further alleged that she had acquired an easement by necessity.
A stipulation was entered into in that case between the parties, plaintiff Dorothy Gagnon and defendants, Angelo Delfino, William Delfino, and Staffordshire Associates.[1] The parties agreed that the defendant would reopen the septic tank and give Dorothy Gagnon a permanent easement if the cost of engineering and installation of a new septic system on her own land exceeded $35,000. The court file reflects that a motion to compel compliance with the agreement was denied by the court (Aronson, J.) on December 16, 1991. That action is still pending.
In the present action, the plaintiffs allege that the defendants, William Delfino, Angelo Delfino, Staffordshire Associates, and Attorney Alfred Morrocco, acted in a "willful, malicious [sic] wanton and reckless" manner.
On December 4, 1991, the defendant Morrocco filed a motion for summary judgment in the present action on the grounds that "(1) no attorney-client relationship existed between the plaintiffs and the undersigned defendant which would entitle them to bring this suit, (2) no exception to the general requirement of an attorney-client relationship applies to this case, and (3) no facts are alleged which would support a cause CT Page 2626 of action against the undersigned defendant." Morrocco filed a memorandum of law in support of the motion for summary judgment, along with his affidavit. The plaintiffs filed an objection to the motion for summary judgment; along with a memorandum of law in support of the objection and the affidavit of Dorothy Gagnon. As required by Practice Book 379, the pleadings are closed as between the parties to the motion.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298 (1990). Where the pleadings are closed, the legal insufficiency of a complaint may be raised by a motion for summary judgment. See Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 408, 279 A.2d 549
(1971); Meyer v. Valley Forge Ins. Co., 3 Conn. L. Rptr. 595, 596 (April 11, 1991, Maiocco, J.). "The burden of alleging a recognizable cause of action rests upon the plaintiff." DeMello v. Plainville, 170 Conn. 675, 677, 368 A.2d 71 (1976); See also Burns v. Koellmer, 11 Conn. App. 375, 382, 527 A.2d 1210 (1987).
The plaintiffs have not alleged any facts to support a cause of action for legal malpractice against Morrocco. Further, in their objection to the motion for summary judgment, plaintiffs do not claim to be alleging legal malpractice. Therefore, the plaintiffs are not required to allege the existence of an attorney-client relationship or an exception to the rule requiring the allegation of an attorney-client relationship. Accordingly, the first two grounds of Morrocco's motion for summary judgment are without merit.
The plaintiffs allege that the "[d]efendants actions and conduct were and still are willful, malicious [sic], wanton and reckless." However, in order to allege a cause of action for reckless and wanton misconduct, facts to support some duty running from the defendant to the plaintiff must be alleged. Sheiman v. LaFayette Bank and Trust Co., 4 Conn. App. 39, 46492 A.2d 219 (1985).
The plaintiffs do not allege any facts to support a duty owed them by Morrocco. Further, the plaintiffs allege no other recognizable cause of action in their complaint[2]. Accordingly, because the complaint does not set forth a cause of action, and because there is no genuine issue of fact, Morrocco is entitled to judgment as a matter of law. Accordingly, defendant Morrocco's motion for summary judgment is granted. See Boucher, supra, 410. CT Page 2627
SCHALLER, JUDGE