[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: MOTION TO STRIKE
(#112)
This motion is directed to the second count of plaintiff's revised complaint. The issue presented is whether plaintiff has factually alleged a cause of action premised on reckless operation of a motor vehicle.
A motion to strike is appropriate whenever a party wishes to test the legal sufficiency of a complaint, or any count thereof. Gordon v.CT Page 6702Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185, (1988). It admits all well pleaded facts; however, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings.Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading. Gordon v. Bridgeport Housing Authority, supra. The court must construe the facts in the complaint most favorably to the plaintiff. Id. "Facts that are well pleaded and facts necessarily implied from the allegations are taken as admitted." DeMello v. Plainville, 170 Conn. 675,677 (1976). If the facts provable under the allegations would support a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc.,
supra at 109.
"Recklessness is a state of consciousness with reference to the consequences of one's acts . . . It is `more than negligence, more than gross negligence' . . . The state of mind amounting to recklessness may be inferred from conduct." (Citations omitted). Dubay v. Irish,207 Conn. 518, 532 (1988). Recklessness must be pleaded in a separate count; there is "a wide difference between negligence and a reckless disregard of the rights or safety of others. Kostiuk v. Queally,159 Conn. 91, 94, 267 A.2d 452 (1970).
In the first count of the revised complaint, plaintiff alleges negligent operation predicated on several recited specifications, including those relating to impairment due to the consumption of alcohol and/or drugs. The second count alleges reckless disregard in that defendant operated his vehicle in "a reckless manner having due regard for the traffic, width, and use of the highway"; while under the influence of alcohol or drugs; and, while impaired by alcohol and/or drugs. Plaintiff further specified in count two violations of General Statutes Sections 14-222, 14-218a and 14-219, and 14-227a(a) and (b)
In Allard v. Mayo, CV 99 69533, Judicial District of Hartford, February 4, 2000, the plaintiff pleaded in a second count that the defendant recklessly violated Gen. Stat. § 14-227a in operating a motor vehicle while his ability to operate was impaired by the consumption of alcohol. The second count also alleged that the defendant operated his vehicle recklessly when suddenly and without warning he turned into the plaintiff's lane of travel in violation of Gen Stat. § 14-222. The court rejected the defendant's motion to strike the second count grounded on a contention that the count sounding in recklessness could not be supported by a bare allegation that certain conduct was reckless. Id. In denying the motion, the Allard court referred to Dubay and stated the following:
 Because recklessness is a state of mind, a fact, it CT Page 6703 may exist without any manifestation of additional outward bizarre or egregious acts but, may be demonstrated by cross examination or discovery to determine a reckless state of mind. Additional physical acts need not be alleged. The same omission may be either negligent, or reckless, depending upon the proof of state of mind of the actor.
Defendant relies on Dumond v. Denehy, 145 Conn. 88 (1958) and Kostiukv. Queally, supra. Both of these cases stand for the principle that use of the word reckless alone is insufficient to state a claim for reckless and wanton misconduct. As Dumond states: "[a] specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." In both Dumond and Kostiuk, the allegations of negligence and recklessness were combined in a single count. In Dumond, the plaintiff alleged that the collision and death were caused by the negligence, carelessness and recklessness of the defendants', and then detailed twelve specific allegations, eleven of which were in negligence.[1] InKostiuk, the plaintiff alleged in one paragraph all of the defendant's acts claimed to have caused the injury. Seven of the eight specifications referred to negligence, while one referenced the defendant's operation in a reckless manner in violation of General Statutes Section 14-222. In both Dumund and Kostiuk, the claim of recklessness was struck because simply the word "reckless" was used in counts otherwise limited to ordinary negligence. The Kostiuk court cited Mooney v. Wabrek,129 Conn. 302, 306 (1942) for the principle that "where a complaint alleged that a collision was caused solely by the negligence of the defendant while driving his automobile in a careless, reckless and negligent manner, and several specifications of negligence followed . . . the gravament of the complaint is negligence."
In contrast to Kostiuk and Dumund, plaintiff here sets out the claim of recklessness in a count separate from that alleging negligence. Also, in the fifth paragraph of the second count, plaintiff has alleged:
 Immediately prior to the aforesaid motor vehicle incident, the Defendant, with reckless, willful and/or wanton indifference to the rights and safety of the Plaintiff, and other members of the public, was consuming alcohol despite the fact that he knew or should have known that his consumption of alcohol before operating the motor vehicle would create an unreasonable risk of danger.
Viewing the allegations of the second count in their entirety, together with reasonable inferences to be drawn therefrom, and in the light most CT Page 6704 favorable to plaintiff, it is concluded that the allegations of reckless operation are sufficient. Accordingly, the motion to strike is denied.
Mulcahy, J.