[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: RE: MOTION #105 MOTION TO STRIKE
Facts:
This case concerns an action filed by the plaintiff, Cyril Boomer against the defendants, City of New Haven and Chief of Police, Melvin Wearing, Officer Peter Carusone and Officer Samuel Bagley.
The plaintiff, a pro se litigant brings this action in one Count containing five paragraphs. The brings this action pursuant42 U.S.C. § 1983, "under the United States Constitution and the Constitution of the State of Connecticut." Plaintiff asserts that on March 26, 1998, he "was engaged in a shooting with the New Haven Police." Plaintiff further asserts that "after being shot by said defendants, Peter Carusone and Samuel Bagley [he] fell to the ground with his weapon falling out of his hands. After hitting the ground without his weapon the defendants, Peter Carusone and Samuel Bagley continued to fire shots and struck the petitioner in the "hip area".
Plaintiff asserts that the actions of the defendants were excessive "being that when the Petitioner (sic) was disarmed laying on the ground after being shot, that Defendant's (sic) continued thier (sic) barage (sic) of firing upon the Petitioner knowing the Petitioner's (sic) weapon was dislarged (sic) from his possession."
By way of a pleading dated August 17, 2001, the Defendants, City of New Haven and Chief Melvin Wearing moved this Court to Strike them from the CT Page 12437 Plaintiff's Complaint on the grounds that the Plaintiff's Complaint fails to contain any allegations against the them. The Defendants, City of New Haven and Chief Wearing further assert that the Plaintiff's Complaint "fails to allege a cause of action of any nature against these two defendant, and is therefore legally insufficient as against them.
At this point and time, the Plaintiff has not filed a Memorandum in Opposition of the Motion to Strike
Discussion:
Section Sec. 10-39 of the Connecticut Practice Book concerns the Motion to Strike. This section provides in pertinent part that:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . .
 The purpose of a motion to strike "is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558
(1998) Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . ." (Citation omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293, (1997). "A motion to strike . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions . . ." (Citation omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 694, 748 A.2d 834
(2000). In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). A court may strike a claim for relief "only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998).
CT Page 12438
 Medina v. Birts, No. CV99 036 69 05 S (Nov. 14, 2000), 2000 Ct. Sup. 14003
The instant action is brought against the City of New Haven, Police Chief Melvin Wearing, Officer Peter Carusone and Officer Samuel Bagley. Although Police Chief Melvin Wearing and the City of New Haven are named as defendants there is not a single allegation made in the complaint concerning these individuals. In fact the subject individuals are not mentioned anywhere in the Complaint. Their names or anything alluding to the individuals can only be found in the Civil Summons.
 In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint; Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1987); DeMello v. Plainville, 170 Conn. 675, 677, 368 A.2d 71 (1976); and "cannot be aided by the assumption of any facts not therein alleged." Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977); Wexler Construction Co. Housing Authority, 144 Conn. 187, 194, 128 A.2d 540
(1956).
 Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348
(1990).
In light of the fact that the plaintiff has not made any allegations in his Complaint concerning the defendant Wearing or the Defendant City of New Haven, the Complaint does not state a legally sufficient cause of action against them. The Motion to Strike the defendants Wearing and the City of New Haven is therefore granted.
Richard A. Robinson, J.