[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #101 MOTION TO STRIKE
This case involves a negligence action, brought in two counts against the defendants. Exxon/Mobile Corporation, and E-Z Mart, L.L.C. d/b/a Hartford Mobile.
In the first count of her complaint, the plaintiff alleges that at all times pertinent to the instant action, the defendant E-Z Mart owned and operated a Mobil Gas franchise located at 1161 Albany Avenue in Hartford, Connecticut. The plaintiff further alleges that on August 8, 1999, at approximately three thirty in the morning, she was a business invitee at said gas station and pumping gas when an unknown assailant suddenly and without warning assaulted her and caused the injuries complained of in this matter.
In the second count of the complaint, the plaintiff asserts that her injuries and damages were caused by the negligence of defendant Exxon/Mobile Oil Corporation, its agents, servants and employees.
On September 26, 2001, the defendant Exxon/Mobile filed a motion to strike the second count of the complaint for reasons that "it fails to state a legally sufficient grounds upon which relief can be granted." The gist of the defendant's argument is that "Exxon/Mobile as a franchisor, did not owe its franchisee's customer a duty of care."
The defendant in this matter has moved to strike the second count of the plaintiff's complaint. Section 10-39 of the Connecticut Practice Book concerns the Motion to Strike. This section provides in pertinent part that:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . .
 A motion to strike may be used to contest the legal sufficiency of a pleading:
 . . . A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court . . . "We take CT Page 3843 the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996)." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).
 Jewish Home for the Elderly of Fairfield v. Cantore, 257 Conn. 531, 537
(2001).
Upon completing its review of the defendant's motion to strike, the court notes that it would have to make assumptions based on the facts that are presented in the Complaint in order to grant the relief that the moving party requests.
 In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint; Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1987); DeMello v. Plainville, 170 Conn. 675, 677, 368 A.2d 71 (1976); and "cannot be aided by the assumption of any facts not therein alleged." Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977); Wexler Construction Co. Housing Authority, 144 Conn. 187, 194, 128 A.2d 540
(1956).
 Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348
(1990).
The motion before the court is a motion to strike, not a motion for summary judgment. Although a motion to strike and a motion for summary judgment may be used to challenge the legal sufficiency of a pleading, the court must apply different standards to said motions. In a motion to strike, the court is required to assume as true all well pleaded facts.Eskine v. Castiglia, 253 Conn. 516, 522 (2000). While on the other hand, the court grants a motion for summary judgment when there is no issue genuine issue of material fact and the moving party is entitled to summary judgment as a matter or law. See Section 17-49 of the Connecticut Practice Book.
Whereas the issue raised by the moving party would require the court to CT Page 3844 make assumptions concerning the facts cited in the Complaint, and whereas the issue is more properly addressed by way of a motion for summary judgment, the motion to strike the second count of the complaint is denied.
Richard A. Robinson, J March 26, 2002