[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #128 MOTION TO STRIKE
The movant in the instant motion seeks to strike the counterclaim plaintiff's, Connecticut Container Corporation's amended counterclaim.
Plaintiff alleges in its complaint that on or about January 10, 1998, he was employed by the Sussex Corporation. At said time he was sent to the premises of the defendant Connecticut Container Corporation for the purposes of adjusting the controls on a boiler. Upon his arrival at the job site the defendant's employees provided the plaintiff with a ladder to perform his job duties. Plaintiff further alleges that when he ascended the ladder, it collapsed causing him injuries.
On January 12, 2001, the defendant Connecticut Container Corporation filed a counterclaim asserting that Sussex Corporation is liable to CT Page 4344 indemnify the Connecticut Container Corporation.
On February 26, 2001, the intervening plaintiff, Sussex Corporation filed a motion to strike the aforementioned counterclaim, asserting that it did not support a cause of action and was insufficient as a matter of law for reason that it did not properly allege the elements of a cause of action for active/passive indemnification.
On May 11, 2001, the defendant Connecticut Container Corporation filed a motion to amend their counterclaim. The court has not ruled said motion on.
On May 22, 2001, the intervening plaintiff, Sussex Corporation filed a motion to strike the amended counterclaim.[1]
On September 21, 2001, the court granted the intervening plaintiff's motion to strike (Zoarski, JTR). The court found that the counterclaim failed: .
. . [T]o allege a contract where Sussex agreed to provide services in a reasonably safe manner or with due care. Therefore, Container's conclusory allegations of an independent legal relationship between Sussex and Container is unsupported by the facts alleged in the counterclaim.
See Memorandum of Decision at Page 6.
On October 9, 2001, the defendant, Container Corporation filed a Second Amended Counterclaim.
Paragraph 10(d) (111) of the Second Amended Counterclaim provides that:
"Sussex Corporation agreed to perform all work with due care."
On October 30, 2001, Sussex Corporation filed a motion to strike the second amended counterclaim. Sussex asserts in its motion that the Second Amended Counterclaim suffers from the same flaw as the Amended Counterclaim.
The defendant in this matter has moved to strike the Second Amended Counterclaim. Section 10-39 of the Connecticut Practice Book concerns the Motion to Strike. This section provides in pertinent part that:
(a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, CT Page 4345 counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . .
A motion to strike may be used to contest the legal sufficiency of a pleading: .
. . A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court . . . "We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996)." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).
Jewish Home for the Elderly of Fairfield v. Cantore, 257 Conn. 531, 537
(2001).
The intervening plaintiff has "cured" the issue addressed by the trial court in its Memorandum of Decision concerning an allegation of the use of due care.
 In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint; Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1987); DeMello v. Plainville, 170 Conn. 675, 677, 368 A.2d 71 (1976).
 Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
The motion before the court is a motion to strike, not a motion for summary judgment. Although a motion to strike and a motion for summary judgment may be used to challenge the legal sufficiency of a pleading, the court must apply different standards to said motions. In a motion to strike, the court is required to assume as true all well pleaded facts.Eskine v. Castiglia, 253 Conn. 516, 522 (2000). While on the other hand, the court grants a motion for summary judgment when there is no issue genuine issue of material fact and the moving party is entitled to summary judgment as a matter or law. See Section 17-49 of the Connecticut CT Page 4346 Practice Book.
Whereas the intervening plaintiff has addressed the deficiency that resulted in granting of the previous motion to strike by alleging that the contract between the parties required the use of due care the court finds that the allegations in the counterclaim are now legally sufficient to withstand a motion to strike. The motion to strike the Second Amended Counterclaim is therefore denied.
Richard A. Robinson, J April 1, 2002