[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #103 MOTION TO STRIKE
The Fourth Count of the Plaintiffs complaint sounds in an action of negligent supervision. The Plaintiff alleges in said Count that on or about September 1, 2000, the defendants, Pleasant Moments Cafe, Incorporated and Joyce Capozziello, through their agents, servants and/or employees, owned, leased, operated, managed, possessed, conducted, maintained and/or controlled certain premises located at #1 William Street, Bridgeport, Connecticut, known as the "Pleasant Moments Café", a cafe bar licensed to serve alcoholic beverages, which was opened to the public. At approximately 2:00 A.M., on the aforementioned CT Page 4931 date, a patron, customer and/or person who was upon the aforementioned premises opened fire with a gun. At the time that the shots were fired, the plaintiff was riding a motorcycle and was driving past the subject premises. Upon hearing the gunshots, the plaintiff proceeded to take evasive action. As a result of taking said evasive action the plaintiff sustained injuries.
On January 7, 2002, the defendant filed a Motion to Strike the Fourth Count of the Plaintiffs Complaint, asserting that said Count is legally insufficient for reason that the plaintiff was not on the defendants' premises at the time of the subject incident.
Section 10-39 of the Connecticut Practice Book concerns the Motion to Strike. This section provides in pertinent part that:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . .
 A motion to strike may be used to contest the legal sufficiency of a pleading:
 . . . A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court . . . "We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996)." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).
On January 30, 2002, the plaintiff filed an Objection to Motion to Strike. The plaintiff asserts that the defendants had "an obligation to keep their premises in such condition so as not to endanger travelers on the highway. The plaintiff further asserts that the plaintiffs injury was foreseeable and flowed directly from the defendants' negligence.
 In deciding upon a motion to strike or a demurrer, a CT Page 4932 trial court must take the facts to be those alleged in the complaint; Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1987); DeMello v. Plainville, 170 Conn. 675, 677, 368 A.2d 71 (1976).
 Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348
(1990).
The motion before the court is a motion to strike, not a motion for summary judgment. Although a motion to strike and a motion for summary judgment may be used to challenge the legal sufficiency of a pleading, the court must apply different standards to said motions. In a motion to strike, the court is required to assume as true all well pleaded facts.Eskine v. Castiglia, 253 Conn. 516, 522 (2000). While on the other hand, the court grants a motion for summary judgment when there is no issue genuine issue of material fact and the moving party is entitled to summary judgment as a matter or law. See Section 17-49 of the Connecticut Practice Book.
The plaintiff asserts in his complaint that a gun was fired on the premises of the defendants and that as a result of the weapon being discharged at that place and time, he was injured. The defendant asserts that whereas the plaintiff was not physically on the aforementioned premises, and was not a business invitee, they cannot be held liable pursuant to a cause of action based on negligent supervision.
 "In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee." (Internal quotation marks omitted.) Kurti v. Becker, 54 Conn. App. 335, 338, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248
(1999).
 Monterose v. Cross, 60 Conn. App. 655, 663 (2000).
In the case at bar, the plaintiff does not have any "entrant status" what so ever, he had not entered the defendant's premises, but was a motorist driving past it. It is well-settled law in this state that a patron or business visitor of an establishment who sustains an injury in person or property as a consequence of negligence supervision of the owner of the property of a bar may have a cause of action sounding in negligent supervision. See Nolan v. Morelli, 154 Conn. 432, 441 (1967). However, the plaintiff in such cases entered upon the premises owned by the defendant. CT Page 4933
The defendants cite Atwood v. Buon Appetite, (CV 98-0419 188 5) (Devlin, J.) to support their position, however, the instant action is distinguishable from Atwood. In Atwood, the Court granted a Motion to Strike in a situation where a plaintiff was injured by other parties after the parties had been forced to leave the premises of the defendant. All of the injuries sustained by the plaintiff were incurred while the aggressors and the plaintiff were off the site of the defendants' property. In the instant action, the individual who allegedly fired the gunshots was on the premises of the defendants. The subject act took place on the defendants' premises while the alleged consequence took place on the public highway near said premises.
 When a cause of danger to public travel exists on private land adjoining a public highway, the liability of the owner of the land for an injury from it depends on its dangerous character with reference to public travel rather than its exact location.
 Sawicki v. Connecticut Ry. Lighting Co., 129 Conn. 626, 631 (1943).
Whereas the act that is alleged to be the proximate cause of the plaintiffs injuries took place on the premises of the defendants, the Motion to Strike is denied.
 ___________________ Richard A. Robinson, J April 25, 2002