[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #103 MOTION TO STRIKE
The Plaintiff in this matter filed a Three Count Amended Complaint against the Defendants, Freedom Homes, LLC and John B. Algenius.
The First Count of the Amended Complaint is directed to the Defendant Freedom Homes, LLC and sounds in "tortious interference". The Plaintiff alleges that it obtained site plan approval for a commercial development on property known as Callinan Property, Ledge Road, Old Saybrook, Connecticut (hereinafter the "Primax Property"). The Plaintiff further alleges that Freedom Homes, LLC (hereinafter "FHL") is in the business of buying, developing and selling residentially zoned land on speculation and that the defendant John B. Algenius is a registered agent of FHL.
The Plaintiff alleges FHL is the owner of land located at 36, Ledge Road, Old Saybrook, Connecticut (hereinafter the "FHL Property"). The FHL Property is adjacent to the Primax Property.
Primax intended to construct a commercial boating services store on the Primax Property and in December 2000, it began working with the Town of Old Saybrook, its officials, commissions and boards to develop a site plan that conformed to all applicable regulations for the commercial development of the said site.
Primax' site plan was considered and approved by the Town's Zoning Commission between December 2001 and February 2002. During the approval process FHL opposed Primax' efforts to obtain such site plan approval.
Subsequent to the site plan approval, FHL filed an appeal in the Superior Court, Judicial District of Middlesex, at Middletown.
The Primax asserts that the appeal is without merit and is for the sole purpose of frustrating its site plan approval. Which has and delayed the development of the Primax property, interfered with its business CT Page 15722 expectancies, inflicted economic injury on the Plaintiff.
The Second Count of the Amended Complaint is directed at both Defendants and sounds in civil conspiracy and provides that the defendants conspired to unlawfully file an "objectively meritless appeal of Primax's (sic) approved site plan."
The Third Count of the Amended Complaint is directed at the Defendant FHL and sounds in CUTPA and alleges that FHL was engaged in trade and commerce within the State of Connecticut and deliberately undertook unfair, deceptive, immoral, unethical, unscrupulous, and oppressive action in order to cause Primax injury by knowingly and intentionally filing an "objectively meritless zoning appeal in order to deny Primax its right to conduct trade or business within the State of Connecticut.
On November 7, 2002, the Defendant FHL filed a Motion to Strike all three counts of the Amended Complaint asserting that the allegations are legally insufficient to state a claim upon which relief can be granted for reason that the subject behavior is within the privileged exercise of its fundamental rights of freedom of speech and expression. As well as its fundamental right to petition the government for redress of grievances pursuant to the First and Fourteenth Amendment of the United States Constitution and Section Four, ArticleFirst of the Connecticut Constitution.
The defendant in this matter has moved to strike the second count of the plaintiff's complaint. Section 10-39 of the Connecticut Practice Book concerns the Motion to Strike. This section provides in pertinent part that:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . .
A motion to strike may be used to contest the legal sufficiency of a pleading:
 . . . A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court . . . "We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal CT Page 15723 sufficiency. Bohan v. Last, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996)." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).
 Jewish Home for the Elderly of Fairfield v. Cantore, 257 Conn. 531, 537
(2001).
Upon completing its review of the defendant's motion to strike, the court notes that it would have to make assumptions based on the facts that are presented in the Complaint in order to grant the relief that the moving party requests.
 In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint; Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 522 A.2d 1235 (1987); DeMello v. Plainville, 170 Conn. 675, 677, 368 A.2d 71 (1976); and "cannot be aided by the assumption of any facts not therein alleged." Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977); Wexler Construction Co. Housing Authority, 144 Conn. 187, 194, 128 A.2d 540
(1956).
 Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348
(1990).
The motion before the court is a Motion to Strike not a Motion for Summary Judgment. Although a motion to strike and a motion for summary judgment may be used to challenge the legal sufficiency of a pleading, the court must apply different standards to said motions. In a motion to strike, the court is required to assume as true all well pleaded facts.Eskine v. Castiglia, 253 Conn. 516, 522 (2000). While on the other hand, the court grants a motion for summary judgment when there is no issue genuine issue of material fact and the moving party is entitled to summary judgment as a matter or law. See Section 17-49 of the Connecticut Practice Book.
Whereas the issue raised by the moving party would require the court to make assumptions concerning the facts cited in the Complaint, and whereas the issue is more properly addressed by way of a motion for summary CT Page 15724 judgment, the Motion to Strike the Complaint is denied.
 Richard A. Robinson, J December 10, 2002
CT Page 15725